## BARKEY v. NICK.

1. ZONING—BOARD OF ZONING APPEALS—REPRESENTATION OF PARTIES.

    Appearance of a person, having appointive power over board of zoning appeals by virtue of his public office, before that board, representing a petitioner asking the board to take action in petitioner's favor, is manifestly improper, is a breach of the officer's fiduciary duty, is an abuse of a public trust, and creates doubt in the mind of the public about the impartiality of the board's action.

2. OFFICERS—PUBLIC TRUST.

    A public office is a public trust and a fiduciary standard should be imposed upon public officials.

3. ZONING—DUE PROCESS—DURESS.

    Duress has been imposed on members of a city's zoning appeal board as a matter of law when a member of the city commission presents a request to the board for a special exception and it is the city commission that appoints the zoning appeal board.

4. SAME—DUE PROCESS—DURESS—VALIDITY OF APPEAL BOARD ACTION.

    The action of a city's zoning appeal board is void when that action was taken while the appeal board was under duress as a matter of law.

5. SAME—ACTION OF LOCAL ZONING BOARD—APPEAL AND ERROR.

    Courts will not impose their judgments in matters of discretion properly vested in local zoning boards or their equivalents.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Zoning §§ 218, 220, 222–226.
[2] 42 Am Jur, Public Officers § 8.
[3, 4, 7] 25 Am Jur 2d, Duress and Undue Influence §§ 3, 5; 58 Am Jur, Zoning §§ 218, 220, 222–226.
[5] 58 Am Jur, Zoning §§ 229, 230.
[6] 58 Am Jur, Zoning §§ 194–198.

6. Same—Variances—Misconduct.

Local governments should use care in granting variances under a zoning ordinance to those who would seek to profit from enterprises in ways which are offensive to the public conscience, and the misconduct of those representing the party seeking the variance is a material consideration to the application for a variance.

7. Same—Zoning Exception—Validity.

Zoning exception granted to restaurant owner permitting him to use residentially zoned land adjacent to his restaurant for parking lot after hearing before board of zoning appeals at which restaurant owner was represented by his brother, a member of city commission which appointed members of board of zoning appeals, and upheld on rehearing before board, *held*, to be void because of duress imposed on zoning appeals board as matter of law by the improper participation of city commissioner in the hearing.

Appeal from Oakland, Beer (William John), J. Submitted Division 2 November 9, 1968, at Lansing. (Docket No. 3,514.) Decided May 27, 1968.

Complaint by Arthur F. Barkey, Ann M. Barkey, and J. James Hasenau against Peter Nick, Georgia Nick, and the City of Royal Oak, a municipal corporation for injunctive relief to prevent the use of certain property for other than residential purposes, and for an order of superintending control reversing the action of defendant city's board of zoning appeals in granting a special exception. Summary judgment for defendant city. Plaintiffs appeal. Reversed and remanded for further proceedings.

*Costello & Barkey*, for plaintiffs.

*Allan G. Hertler*, for defendant city.

McGregor, J. This is an appeal by right from an order of summary judgment granted by the Oak-

land county circuit court; the order being grounded on petitioner's failure to state a cause of action.[*]

Abutting or near to the plaintiffs' residentially zoned property is a lot belonging to the defendants. Defendants wish to use their land as a parking lot for their restaurant, which is located on an adjoining lot. Defendants' lot was zoned residential and, according to the Royal Oak city ordinances, could not be used as a parking facility without the approval of the board of zoning appeals. When the board met, the brother of the defendant-husband represented the defendants. This brother also was a Royal Oak city commissioner. The Royal Oak city commission has the power of appointment to the board of zoning appeals.

At the meeting of the board of zoning appeals, the city commissioner-brother made representations as to the proposed use of the parking lot, made objections to evidence, brought information before the board, and presented rebuttal testimony. As a result of this meeting, a special exception was granted to allow defendants' land to be used as a parking lot, subject to certain conditions, such as the erection of a six-foot-high masonry wall.

An action was commenced in Oakland county circuit court in August, 1966, and at a show-cause hearing the judge suggested that the board of zoning appeals conduct a rehearing of the matter. On rehearing by the board of zoning appeals, the exception was upheld. Plaintiffs then filed an amended complaint, requesting that an injunction be directed against appellee city to restrain the use of the questioned property in a manner other than for residential purposes, an injunction restraining the appellee city from issuing a building permit inconsistent with the residential zoning classification of

---

[*] See GCR 1963, 117.

the lot, and an issuance of an order of superintending control reversing the action of the board of zoning appeals in the grant of the special exception.

Motions for summary judgment were filed by the city of Royal Oak and an order granting the motion for summary jugment was issued on March 20, 1967. This order stated that the city of Royal Oak board of zoning appeals had the authority to act on the application for special exception and that there was no failure of administrative due process in that the record disclosed no arbitrariness or abuse of discretion, and the only proper method of review is superintending control.

Plaintiffs contend that the zoning board, in the grant of the exception, was under coercion and duress, and acted so arbitrarily and capriciously as to amount to fraud, bad faith, and a denial of a fair and impartial hearing, resulting in the taking of property without due process of the law. Plaintiffs further submit that there was a misrepresentation of the true ownership of the lot in the application for a zoning exception and, therefore, the application and grant of a special exception were void. Plaintiffs also argue that the failure to admit proffered evidence of defendants' alleged misconduct was error, that the second hearing was void, and that a request for an injunction may in the same complaint co-exist with a request for superintending control.

The question with which we must deal is one of first—and, we hope, last—impression in this State. That question is: What is the status of a decision of an administrative board made pursuant to an argument by one charged in part with the appointment of that administrative body? Counsel refers us to *Place* v. *Board of Adjustment of Saddle River* (1964), 42 NJ 324 (200 A2d 601, 7 ALR3d 1434).

This same question was summarized in that case. That court stated that the appearance of such a party was patently improper. It creates an abuse of trust imposed by the assumption of public office and creates a personal pecuniary interest conflicting with the fiduciary duty owed all members of the public. Further, it creates a doubt in the public mind as to the impartiality of the board's action. In *Place* v. *Board of Adjustment of Saddle River, supra*, that board's action was not raised as an objection. In the case before this Court, it is raised as an objection.

In *Aldom* v. *Borough of Roseland* (1956), 42 NJ Super 495 (127 A2d 190), the superior court of New Jersey was faced with a situation where members of the board determining the zoning had an interest in the matter before them. It was held that participation of interested parties in municipal action is sufficient to render the action voidable. A public office is a public trust and a fiduciary standard should be imposed on public officials.

We agree with the petitioner that there has been an imposition of duress on the members of the board, not as a matter of fact, but as a matter of law, and that, in consequence of that duress, the action of the board is void. The presence of the city commissioner before the board brings with it the presence and powers of his office. It is basic to due process that in all judicial and *quasi*-judicial proceedings the deciding power must not seek to serve other than that of the voters, taxpayers, members of the general public, justice, and due process.

The plaintiffs in this case seek to prevent the owner from using property in accordance with the special exception granted, and the city from granting permission for the construction of facilities necessary to carry out the purpose of this exception.

It is a well-established principle of Michigan law that the courts will not impose their judgments in matters of discretion properly vested in local zoning boards or their equivalents. See *Indian Village Manor Co.* v. *City of Detroit* (1967), 5 Mich App 679, and cases cited therein. Here, we do not deal with lack of intelligence, discretion, judgment, or due regard for the beauty of the landscape. Here, we deal with the carrion surrounding a poisoned wellspring of justice. The parties in interest in this case, especially the public at large, have been denied their right to a fair hearing by the actions of their representatives.

In the event a new request for an exception is filed, the taint that requires a voiding of the zoning action in this case may well still exist; however, any absolute decision on a potential suit would be premature at this juncture. This Court is convinced that the city should not again prevail in any argument that misconduct of a party seeking to expand a publicly-oriented business, such as a restaurant, is immaterial to a rezoning. It is squarely within the concern of government that care be exercised to prevent enhancing the potential of those who would seek to profit from enterprises in ways which are offensive to the public conscience.

Accordingly, we reverse the trial court's decision granting the appellee's motion for summary judgment and remand the case to the trial court for further proceedings to determine the merits of plaintiff's complaint and injunction request, consistent with this opinion. The rulings of the board of zoning appeals are hereby declared void. Costs to appellants.

T. G. KAVANAGH, P. J., and FITZGERALD, J., concurred.