QUIGLEY v DEXTER TOWNSHIP

1. ZONING—ZONING BOARD OF APPEALS—APPEAL AND ERROR—CIRCUIT
   COURTS—MUNICIPAL CORPORATIONS—STATUTES—SUPERINTEND-
   ING CONTROL—CERTIORARI—TOWNSHIPS—QUESTION OF FACT—
   QUESTION OF LAW.

   A zoning board of appeals established in a city under a statute
   renders final decisions that are generally reviewable by super-
   intending control in circuit court and, in such cases, the scope
   of review is essentially that formerly had by certiorari; this is
   not the case, however, in townships, where zoning boards of
   appeal are established under a different statute which ex-
   pressly provides that decisions of boards are not final and are
   to be reviewed both as to facts and law in circuit court (MCLA
   125.288 *et seq.,* 125.293, 125.585).

2. ZONING—APPEAL AND ERROR—CIRCUIT COURT—DISCRETION—ZON-
   ING BOARDS.

   On an appeal to circuit court from a township zoning board of
   appeals the circuit judge was in error when he opined: "How-
   ever, courts should not impose their judgments in matters of
   discretion which are properly vested in Zoning Boards."

3. ZONING—ZONING BOARD OF APPEALS—APPEAL AND ERROR—CIRCUIT
   COURTS—TOWNSHIPS—STATUTES—QUESTION OF LAW—QUESTION
   OF FACT.

   Review in circuit court of a township zoning board of appeals'
   decision under a statute which provides in part that "[t]he
   decision of such board shall not be final, and any person having
   an interest affected by any such ordinance shall have the right
   to appeal to the circuit court on questions of law and fact" is
   not limited to questions of law; since the board's decision is not
   final, and since the circuit court reviews both the facts and the
   law, the circuit judge should have treated the matter as a trial
   *de novo* and entered whatever order he determined to be
   proper upon the merits of the controversy (MCLA 125.293).

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 58 Am Jur, Zoning § 194 *et seq.*

Appeal from Court of Appeals, Division 2, Lesinski, C. J., and Bronson and Targonski, JJ., affirming Washtenaw, Harold Van Domelen, J. Submitted November 6, 1973. (No. 4 November Term 1973, Docket No. 54,561.) Decided December 18, 1973.

43 Mich App 308 reversed.

Complaint by John J. Quigley and Louis Ruggirello against Dexter Township, the Dexter Township Zoning Board of Appeals, the Dexter Township Zoning Board, and the Dexter Township Zoning Inspector for superintending control to reverse a decision of the zoning board of appeals and order the issuance of a conditional use permit, a declaratory judgment and an injunction. Counterclaim by defendants for an injunction to restrain plaintiffs from using their premises as a hunt club. Section of zoning ordinance declared unconstitutional, decisions of zoning board and zoning board of appeals reversed, case remanded to the zoning board for reconsideration and counterclaim dismissed with prejudice. Plaintiffs appealed to the Court of Appeals. Affirmed. Plaintiffs appeal. Reversed and remanded to circuit court.

*Nussbaum, McEvoy & Moscow, P. C.,* for plaintiff Quigley.

*Ginn, Kramer & Jacobson, P. C.,* for plaintiff Ruggirello.

*Keusch & Flintoft,* for defendants.

T. E. BRENNAN, J. A zoning board of appeals established in a city under MCLA 125.585; MSA 5.2935 renders final decisions. These are generally

reviewable by superintending control in circuit court. In such case, the scope of review is essentially that formerly had by certiorari. *Lorland Civic Association v DiMatteo,* 10 Mich App 129; 157 NW2d 1 (1968).

This is not the case, however, in townships, where zoning boards of appeals are established under MCLA 125.288 *et seq.;* MSA 5.2963(18) *et seq.* As to township zoning boards of appeals, the statute expressly provides that decisions of the board are not final and are to be reviewed both as to facts and law in circuit court. MCLA 125.293; MSA 5.2963(23).[1]

The circuit judge misconceived his function when he opined:

"However, courts should not impose their judgments in matters of discretion which are properly vested in Zoning Boards. Barkey v Nick, 11 Mich. App. 381 [161 NW2d 445 (1968)]."

*Barkey v Nick* involved the zoning board of appeals of the City of Royal Oak. Judge McGregor, writing in *Barkey,* cited *Indian Village Manor v Detroit,* 5 Mich App 679; 147 NW2d 731 (1967),

---

[1] "The township board of appeals shall fix a reasonable time for the hearing of the appeal and give due notice thereof to the parties, and decide the same within a reasonable time. Upon the hearing, any party may appear in person or by agent or by attorney. The board of appeals may reverse or affirm, wholly or partly, or may modify the order, requirement, decision or determination as in its opinion ought to be made in the premises, and to that end shall have all the powers of the officer from whom the appeal was taken and may issue or direct the issuance of a permit. Where there are practical difficulties or unnecessary hardship in the way of carrying out the strict letter of such ordinance, the board of appeals shall have power in passing upon appeals to vary or modify any of its rules, regulations or provisions so that the spirit of the ordinance shall be observed, public safety secured and substantial justice done. The decision of such board shall not be final, and any person having an interest affected by any such ordinance shall have the right to appeal to the circuit court on questions of law and fact."

another case involving a city zoning board of appeals.

The rule in townships is different. The Legislature apparently is well aware that in less populous communities, there is greater likelihood of partiality and interest on the part of local officials. It is significant that the circuit judge found two members of the Dexter Township Zoning Board of Appeals to be so affected in the case before us.

Review in circuit court of a township zoning board of appeals' decision under MCLA 125.293; MSA 5.2963(23) is not limited to questions of law. Since the board's decision is not final, and since the circuit court reviews both the facts and the law, the circuit judge should have treated the matter as a trial *de novo* and entered whatever order he determined to be proper upon the merits of the controversy.

This cause is remanded to circuit court, with costs to the plaintiff.

T. M. KAVANAGH, C. J., and T. G. KAVANAGH, SWAINSON, WILLIAMS, LEVIN, and M. S. COLEMAN, JJ., concurred with T. E. BRENNAN, J.