### ABRAHAMSON v WENDELL

1. TOWNS—ZONING—TOWNSHIPS—APPEAL BOARD—DURESS—APPEAR-
   ANCE BY SUPERVISOR—ZONING VARIANCE—STATUTES.

   An appearance before a township zoning board of appeals by the
   township supervisor, on behalf of persons seeking a zoning
   variance and a building permit for certain property, is an
   imposition of duress as a matter of law on the zoning board of
   appeals where the supervisor is a member of the township
   board which appoints members to the township zoning board of
   appeals; action taken by the appeals board under these circum-
   stances is void (MCLA 41.70, 125.288; MSA 5.62, 5.2963[18]).

2. APPEAL AND ERROR—TOWNSHIPS—ZONING APPEALS BOARD—SCOPE
   OF REVIEW—EVIDENCE—RECORD.

   A trial court when reviewing the action of a township zoning
   board of appeals may not consider evidence not heard by the
   board of appeals, may not supplement the record with some-
   thing not considered by the board of appeals, and may not
   consider something that changes the nature of the inquiry.

3. APPEAL AND ERROR—ZONING—TOWNSHIPS—ZONING APPEALS BOARD
   —DE NOVO REVIEW—EVIDENCE—FINDINGS OF FACT.

   Review of a decision by a township zoning board of appeals is *de
   novo* on the record made before the board of appeals; on appeal,
   a court may draw its own conclusions from the evidence
   presented to the board of appeals; the court must give consider-
   able weight to the findings of fact made by the board of
   appeals.

Appeal from Mason, Charles A. Wickens, J.
Submitted July 6, 1976, at Grand Rapids. (Docket
No. 23041.) Decided October 15, 1976.

REFERENCES FOR POINTS IN HEADNOTES
[1] 56 Am Jur 2d, Municipal Corporations, Counties, and Other
    Political Subdivisions § 142.
  82 Am Jur 2d, Zoning and Planning § 65.
[2] 82 Am Jur 2d, Zoning and Planning § 352.
[3] 82 Am Jur 2d, Zoning and Planning § 357.

Complaint by Alice E. Abrahamson and Joan Van Conis against John Wendell, Marilyn Wendell, Citizens National Bank of Downers Grove, Illinois, and the Township of Hamlin for a judgment declaring void the action taken by a township zoning board of appeals in granting a zoning variance and a building permit and for an injunction to prevent construction pursuant to the building permit. Judgment for defendants. Plaintiffs appeal. Reversed and remanded.

*Robert D. Andrews, Jr.,* for plaintiffs.

*David F. Betz,* for John and Marilyn Wendell and Citizens National Bank of Downers Grove, Illinois.

*Bauckham, Reed, Lang & Schaefer,* for Hamlin Township.

Before: DANHOF, C. J., and D. E. HOLBROOK and D. L. MUNRO,* JJ.

PER CURIAM. On December 4, 1974, the plaintiffs brought the present action seeking to have the decision of the township zoning board of appeals declared void, and injunctive relief to prevent further construction by the defendants under a building permit issued pursuant to the board's decision. On January 14, 1975, the trial court entered judgment finding that the action of the zoning board of appeals was valid and, likewise, the building permit issued pursuant to that decision was valid. The plaintiffs appeal as of right.

The dispositive issue raised on appeal is whether the appearance of the township supervisor before the township zoning board of appeals, as the repre-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sentative of the defendants as well as their contractor, constituted duress as a matter of law so as to make the board's decision void.

*Barkey v Nick*, 11 Mich App 381, 384; 161 NW2d 445 (1968), addressed this issue: "What is the status of a decision of an administrative board made pursuant to an argument by one charged in part with the appointment of that administrative body?" As to the effect of the appearance of one before the board who is charged in part with the appointment of its members, the Court stated:

"It creates an abuse of trust imposed by the assumption of public office and creates a personal pecuniary interest conflicting with the fiduciary duty owed all members of the public. Further, it creates a doubt in the public mind as to the impartiality of the board's action." *Barkey v Nick, supra* at 385.

Finally, in ruling on the case before it, the court said:

"We agree with the petitioner that there has been an imposition of duress on the members of the board, not as a matter of fact, but as a matter of law, and that, in consequence of that duress, the action of the board is void. The presence of the city commissioner before the board brings with it the presence and powers of his office. It is basic to due process that in all judicial and *quasi*-judicial proceedings the deciding power must not seek to serve other than that of the voters, taxpayers, members of the general public, justice, and due process." *Barkey v Nick, supra* at 385.

The township supervisor is by statute a member of the township board. MCLA 41.70; MSA 5.62.

The township board is empowered to appoint members of the township board of appeals. MCLA 125.288; MSA 5.2963(18).

In the present case, the township supervisor appeared before the township zoning board of appeals on behalf of the defendants as their contractor. As such, he sought a variance from an administrative body over which he had powers of appointment. Further, upon the granting of the variance, he could then procure a building permit and proceed with the construction. Under these circumstances, it is difficult to believe the supervisor did not in fact have a conflict of interest between personal profit and public duty. Nevertheless, as a matter of law, the appearance by the supervisor before the body over which he had appointive powers, at least in part, must be deemed an imposition of duress on the members of the zoning board of appeals and, as a result, the action of the board is void. *Barkey v Nick, supra.* It is hoped that this conclusion will help bolster the public confidence in the decision makers who must represent their interests and who must seek to avoid even the appearance of impropriety.

The plaintiffs next raise the issue of what is the scope of the trial court's inquiry into the proceedings before the township zoning board of appeals?

While the disposition of this issue is not immediately necessary for the instant case, it may become so should further proceedings of the board be reviewed by the trial court.

The trial court on review is not to consider evidence not heard by the township zoning board of appeals nor is it to supplement the record with something not considered by the board or with something that changes the nature of the inquiry. *Lorland Civic Association v DiMatteo,* 10 Mich App 129, 137–138; 157 NW2d 1 (1968).

The scope of review by the trial court of a decision by a township zoning board of appeals is

*de novo* on the record made before the zoning board. The trial court is not free to receive further evidence, however, it is free to draw its own conclusions from the evidence presented below. *Quigley v Dexter Twp,* 390 Mich 707, 710; 213 NW2d 166 (1973). In so reviewing the trial court must give considerable weight to the findings of fact made below. *House v Bloomfield Hills,* 18 Mich App 184; 171 NW2d 36 (1969).

Reversed and remanded for further proceedings consistent with this opinion. Costs to the plaintiffs.