ABRAHAMSON v WENDELL (ON REHEARING)

Oᴘɪɴɪᴏɴ ᴏғ ᴛʜᴇ Cᴏᴜʀᴛ

1. Tᴏᴡɴs—Oғғɪᴄᴇʀs—Tᴏᴡɴsʜɪᴘs—Sᴛᴀᴛᴜᴛᴇs.

The township supervisor is by statute a member of the township board (MCLA 41.70; MSA 5.62).

2. Tᴏᴡɴs—Oғғɪᴄᴇʀs—Tᴏᴡɴsʜɪᴘs—Bᴏᴀʀᴅ ᴏғ Aᴘᴘᴇᴀʟs—Sᴛᴀᴛᴜᴛᴇs.

A township board is empowered to appoint members of the township board of appeals (MCLA 125.288; MSA 5.2963[18]).

3. Zᴏɴɪɴɢ—Bᴏᴀʀᴅ ᴏғ Aᴘᴘᴇᴀʟs—Tᴏᴡɴsʜɪᴘ Sᴜᴘᴇʀᴠɪsᴏʀ—Iᴍᴘᴏsɪᴛɪᴏɴ ᴏғ Dᴜʀᴇss.

The appearance by a township supervisor before the township zoning board of appeals, over which he had appointive powers, on behalf of parties as their contractor seeking a zoning variance must, as a matter of law, be deemed an imposition of duress on the members of the zoning board of appeals and a ruling by the board favorable to the parties represented by the supervisor is void.

4. Aᴘᴘᴇᴀʟ ᴀɴᴅ Eʀʀᴏʀ—Zᴏɴɪɴɢ—Bᴏᴀʀᴅ ᴏғ Aᴘᴘᴇᴀʟs—Eᴠɪᴅᴇɴᴄᴇ—Cɪʀᴄᴜɪᴛ Cᴏᴜʀᴛ.

A trial court on review of a decision by a township zoning board of appeals is not to supplement the appeal board record with something not considered by the board or with something that changes the nature of the inquiry.

5. Aᴘᴘᴇᴀʟ ᴀɴᴅ Eʀʀᴏʀ—Zᴏɴɪɴɢ—Bᴏᴀʀᴅ ᴏғ Aᴘᴘᴇᴀʟs—Cɪʀᴄᴜɪᴛ Cᴏᴜʀᴛ —Sᴄᴏᴘᴇ ᴏғ Rᴇᴠɪᴇᴡ—Dᴇ Nᴏᴠᴏ Rᴇᴠɪᴇᴡ.

The scope of review by a trial court of a decision by a township zoning board of appeals is *de novo* on the record made before

Rᴇғᴇʀᴇɴᴄᴇs ғᴏʀ Pᴏɪɴᴛs ɪɴ Hᴇᴀᴅɴᴏᴛᴇs
[1] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 140.
[2] 82 Am Jur 2d, Zoning and Planning § 60 *et seq.*
[3] 82 Am Jur 2d, Zoning and Planning § 305 *et seq.*
[4–6] 82 Am Jur 2d Zoning and Planning § 358.

the board; therefore the trial court is not free to receive further evidence, but the trial court is free to draw its own conclusions from the evidence presented to the board.

CONCURRENCE IN PART, DISSENT IN PART BY D. L. MUNRO, J.

6. APPEAL AND ERROR—ZONING—BOARD OF APPEALS—CIRCUIT COURT —SCOPE OF REVIEW—DE NOVO REVIEW—EVIDENCE.

*A trial court's review of a decision by a township zoning board of appeals is* de novo, *which permits the admission of such evidence as was received by the board to be utilized in the circuit court, and in addition thereto the parties may present such evidence as may, in the judgment of the parties and the court, be warranted in the matter.*

Appeal from Mason, Charles A. Wickens, J. Submitted July 6, 1976, at Grand Rapids. (Docket No. 23041.) Decided June 20, 1977.

Complaint by Alice E. Abrahamson and Joan Van Conis against John Wendell, Marilyn Wendell, Citizens National Bank of Downers Grove, Illinois, and the Township of Hamlin for a judgment declaring void the action taken by the township zoning board of appeals in granting a zoning variance and a building permit and for an injunction to prevent construction pursuant to the building permit. Judgment for defendants. Plaintiffs appealed. Reversed and remanded, 72 Mich App 80. Rehearing granted on the court's own motion. On rehearing, reversed and remanded.

*Robert D. Andrews, Jr.,* for plaintiffs.

*David F. Betz,* for defendants Wendell and Citizens National Bank.

*Bauckham, Reed, Lang, Schaefer & Travis,* for defendant Hamlin Township.

Before: Danhof, C. J., and D. E. Holbrook and D. L. Munro,* JJ.

## On Rehearing

Danhof, C. J. On December 4, 1974, the plaintiffs brought the present action seeking to have the decision of the township zoning board of appeals declared void and injunctive relief to prevent further construction by the defendants under a building permit issued pursuant to the board's decision. On January 14, 1975, the trial court entered judgment finding that the action of the zoning board of appeals was valid and, likewise, the building permit issued pursuant to that decision was valid. The plaintiffs appeal as of right.

The dispositive issue raised on appeal is whether the appearance of the township supervisor before the township zoning board of appeals, as the representative of the defendants as well as their contractor, constituted duress as a matter of law so as to make the board's decision void.

*Barkey v Nick*, 11 Mich App 381, 384; 161 NW2d 445 (1968), addressed this issue: "What is the status of a decision of an administrative board made pursuant to an argument by one charged in part with the appointment of that administrative body?" As to the effect of the appearance of one before the board who is charged in part with their appointment, the Court stated:

"It creates an abuse of trust imposed by the assumption of public office and creates a personal pecuniary interest conflicting with the fiduciary duty owed all members of the public. Further, it creates a doubt in

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the public mind as to the impartiality of the board's action." *Barkey v Nick, supra,* at 385.

Finally, in ruling on the case before it, the Court said:

"We agree with the petitioner that there has been an imposition of duress on the members of the board, not as a matter of fact, but as a matter of law, and that, in consequence of that duress, the action of the board is void. The presence of the city commissioner before the board brings with it the presence and powers of his office. It is basic to due process that in all judicial and *quasi*-judicial proceedings the deciding power must not seek to serve other than that of the voters, taxpayers, members of the general public, justice, and due process." *Barkey v Nick, supra,* at 385.

The township supervisor is by statute a member of the township board. MCLA 41.70; MSA 5.62.

The township board is empowered to appoint members of the township board of appeals. MCLA 125.288; MSA 5.2963(18).

In the present case, the township supervisor appeared before the township zoning board of appeals on behalf of the defendants as their contractor. As such, he sought a variance from an administrative body over which he had powers of appointment. Further, upon the granting of the variance, he could then procure a building permit and proceed with the construction. Under these circumstances, it is difficult to believe the supervisor did not in fact have a conflict of interest between personal profit and public duty. Therefore, as a matter of law, the appearance by the supervisor before the body over which he had appointive powers, at least in part, must be deemed an imposition of duress on the members of the zoning board of appeals and, as a result, the

action of the board is void. *Barkey v Nick, supra.* It is hoped that this conclusion will help bolster the public confidence in the decision makers who must represent their interests and who must seek to avoid even the appearance of impropriety.

The plaintiffs next raise the issue of what is the scope of the trial court's inquiry into the proceedings before the township zoning board of appeals.

While the disposition of this issue is not immediately necessary for the instant case, it may become so should further proceedings of the board be reviewed by the trial court.

The trial court on review is not to consider evidence not heard by the township zoning board of appeals nor is it to supplement the record with something not considered by the board or with something that changes the nature of the inquiry. *Lorland Civic Association v DiMatteo,* 10 Mich App 129, 137–138; 157 NW2d 1 (1968).

The scope of review by the trial court of a decision by a township zoning board of appeals is *de novo* on the record made before the zoning board. The trial court is not free to receive further evidence, however, it is free to draw its own conclusions from the evidence presented below. *Quigley v Dexter Twp,* 390 Mich 707, 710; 213 NW2d 166 (1973).

Reversed and remanded for further proceedings consistent with this opinion. Costs to plaintiffs.

D. E. Holbrook, J., concurred.

D. L. Munro, J. *(concurring in part; dissenting in part).* I concur with the disposition made by the majority herein as it relates to the question of duress as a matter of law where a township supervisor appears before the township zoning board of appeals.

With regard to the second issue as the same relates to the scope of the trial court's inquiry into the proceedings before the township zoning board of appeals I respectfully dissent. The statute relating to appeals from the township zoning board of appeals, MCLA 125.293; MSA 5.2963(23), provides in pertinent part:

"The decision of such board shall not be final, and any person having an interest affected by any such ordinance shall have the right to appeal to the circuit court on questions of law and fact."

The Supreme Court in the case of *Quigley v Dexter Twp,* 390 Mich 707, 710; 213 NW2d 166 (1973), states:

"Review in circuit court of a township zoning board of appeals' decision under MCLA 125.293; MSA 5.2963(23) is not limited to questions of law. Since the board's decision is not final, and since the circuit court reviews both the facts and the law, the circuit judge should have treated the matter as a trial *de novo* and entered whatever order he determined to be proper upon the merits of the controversy."

In the writer's opinion both the Legislature and the Supreme Court have recognized that hearings before township zoning boards of appeals are conducted in an informal way and, I believe, have stated that on appeal the case is tried *de novo* which would permit the admission of such evidence as was received by the township zoning board of appeals to be utilized in the circuit court and that in addition thereto the parties might present such additional evidence as may, in the judgment of the parties and the court, be warranted in this matter.

I would reverse and remand for further proceedings consistent with this opinion.