WHITTAKER & GOODING COMPANY v SCIO TOWNSHIP

Docket No. 56395. Submitted January 13, 1982, at Lansing.—Decided
June 8, 1982. Leave to appeal applied for.

Plaintiff, Whittaker & Gooding Company, owns a gravel pit in
Scio Township. It applied for a conditional use permit in order
to mine the gravel. The township zoning board of appeals
granted a conditional use permit for a term of five years. The
permit contained various other limitations as well. Plaintiff
brought an action for superintending control against the town-
ship, the township zoning board of appeals, and the township
planning commission, seeking modification of the permit, pri-
marily an extension of the five-year term. The township moved
for partial summary judgment on that portion of the plaintiff's
claim brought under the Environmental Protection Act of 1970.
The Washtenaw Circuit Court, William F. Ager, J., granted the
motion, and the plaintiff appeals. *Held:*

1. The Environmental Protection Act provides that actions
may be brought to protect natural resources from pollution,
impairment or destruction. It does not provide for protection of
the development of resources. The plaintiff may not bring an
action under the act to prevent the township from inhibiting
his mining of the gravel.

2. The circuit court was not empowered to consider evidence
presented by the plaintiff which had not been presented and
considered by the zoning appeal board. The circuit court's
decision was properly based only upon the record before it.

Affirmed.

1. ENVIRONMENT — ACTIONS — STATUTES.

The Environmental Protection Act of 1970 provides that a party
may bring an action against any other party including the

REFERENCES FOR POINTS IN HEADNOTES
[1] 61A Am Jur 2d, Pollution Control §§ 501, 517, 518.
[2] 61A Am Jur 2d, Pollution Control § 10.
[3] 61A Am Jur 2d, Pollution Control § 534.
[4] 61A Am Jur 2d, Pollution Control § 585.
[5] 61A Am Jur 2d, Pollution Control §§ 572, 573.
[6] 82 Am Jur 2d, Zoning and Planning § 353.

state or one of its political subdivisions for the protection of the air, water and other natural resources and the public trust therein from pollution, impairment or destruction (MCL 691.1202[1]; MSA 14.528[202][1]).

2. ENVIRONMENT — STATUTES.

Michigan's Environmental Protection Act of 1970 was designed to allow the courts to develop a new area of common law dealing with environmental quality (MCL 691.1201 *et seq.;* MSA 14.528[201] *et seq.).*

3. ENVIRONMENT — DEVELOPMENT OF NATURAL RESOURCES.

The Environmental Protection Act does not provide for equitable relief to protect the development of or exploration for any natural resources.

4. ENVIRONMENT — ACTIONS — PRIMA FACIE CASE.

A plaintiff, in order to make out a prima facie case under the Environmental Protection Act, must show that the defendant's conduct has, or is likely to, pollute, impair or destroy the air, water or other natural resources.

5. ENVIRONMENT — COURTS.

A court, under the Environmental Protection Act, is not empowered to prevent any conduct which does not rise to the level of an environmental risk.

6. APPEAL — ZONING — NEW EVIDENCE.

A circuit court, in reviewing a decision of a township zoning board of appeals, may not consider evidence not presented to the board.

*Leonard K. Kitchen,* for plaintiff.

*Reading & Etter,* for defendants.

Before: D. E. HOLBROOK, JR., P.J., and J. H. GILLIS and C. J. HOEHN,* JJ.

D. E. HOLBROOK, JR., P.J. Plaintiff brought an action in Washtenaw Circuit Court for modification of a conditional use zoning permit granted him by the Scio Township Board of Trustees. The

* Circuit judge, sitting on the Court of Appeals by assignment.

township (hereinafter defendant) moved for partial summary judgment. The circuit court granted defendant's motion and plaintiff appeals as of right.

Plaintiff owns a gravel pit in Scio Township located in a conditional use zoning area. Plaintiff approached the Scio Township Planning Commission for a conditional use permit. The commission recommended that the Scio Township Board of Trustees disapprove the permit application. The board of trustees followed this recommendation. Plaintiff appealed to the Scio Township Zoning Board of Appeals and was granted a limited conditional use permit for a term of five years. Plaintiff then brought an action in the Washtenaw County Circuit Court for an order of superintending control requesting that at least eight different limitations in the permit be deleted.

Plaintiff alleged three grounds for its complaint: (1) the board of appeals decision is arbitrary and capricious, (2) the board's decision reflects bias against the plaintiff, and (3) the board's decision violates the Michigan Environmental Protection Act of 1970. Primarily, plaintiff seeks an extension of the permit's five-year term.

Plaintiff's amended complaint contained a claim under the Environmental Protection Act (EPA), MCL 691.1201-691.1207; MSA 14.528(201)-14.528(207). Defendant moved for partial summary judgment against plaintiff's EPA claim, pursuant to GCR 1963, 117.2(1), for failure to state a claim upon which relief can be granted. The circuit court granted defendant's motion.

First it is claimed that summary judgment was improperly granted against plaintiff's claim under the Environmental Protection Act. Next, and last, it is claimed that the circuit court should have received new evidence in reviewing plaintiff's appeal.

Const 1963, art 4, § 52 provides:

"The conservation and development of the natural resources of the state are hereby declared to be of paramount public concern in the interest of the health, safety and general welfare of the people. The legislature shall provide for the protection of the air, water and other natural resources of the state from pollution, impairment and destruction."

In response, the Legislature enacted the Environmental Protection Act of 1970, MCL 691.1201-691.1207; MSA 14.528(201)-14.528(207). The EPA provides that parties may bring actions for declaratory and equitable relief against any other party, including the state or one of its political subdivisions,

"* * * for the protection of the air, water and other natural resources and the public trust therein from pollution, impairment or destruction." MCL 691.1202(1); MSA 14.528(202)(1).

The plaintiff argues that prohibiting the mining of a natural resource, in this case gravel, can be a form of environmental impairment of the resource under the EPA. Neither party contests the fact that the gravel which plaintiff wishes to continue to mine is a natural resource.

The issue presented is one of first impression. This is not surprising, however, as Michigan's EPA was recently enacted in 1970, was the first legislation of its kind, and was designed to allow the courts to develop a new area of common law dealing with environmental quality. *Ray v Mason County Drain Comm'r,* 393 Mich 294, 304, 306, fn 10 and accompanying text; 224 NW2d 883 (1975).

Although the constitution initially declares that

both conservation and development are of paramount public concern, the constitution does not state that the public concern is to promote the development of natural resources. While the constitution provides for the protection of resources themselves, the plaintiff wishes to provide for the protection of developers of resources. Further, the EPA provides for suits to be brought only "for the protection of the air, water and other natural resources and the public trust therein from pollution, impairment or destruction". The EPA does not provide for suits to be brought for the protection of the development of natural resources. Section 4 of the EPA, MCL 691.1204(1); MSA 14.528(204)(1), provides that the courts may impose equitable relief "to protect the air, water and other natural resources". The section does not provide for equitable relief to protect the development of or exploration for any resource.

The Supreme Court has stated that, to make a prima facie case under the EPA, the plaintiff must show that the defendant's conduct has, or is likely to, "pollute, impair or destroy the air, water or other natural resources". *Ray, supra,* 309. Plaintiff does not allege any pollution, impairment, or destruction of a natural resource; rather, plaintiff alleges that his exploitation, mining, and selling of a natural resource will be impaired.

The word "impair" in the EPA has been defined by this Court to mean "[t]o weaken, to make worse, to lessen in power, diminish, or relax, or otherwise affect in an injurious manner". *Michigan United Conservation Clubs v Anthony,* 90 Mich App 99, 105-106; 280 NW2d 883 (1979). A zoning permit which prohibits a developer from mining every last bit of gravel in a pit would not seem to impair any natural resource. Indeed, the

Supreme Court has stated that "if oil or gas development does not take place, the oil and gas will not be adversely impacted". *West Michigan Environmental Action Council v Natural Resources Comm,* 405 Mich 741, 759; 275 NW2d 538 (1979).

The EPA was designed to protect the natural resources themselves rather than an exploiter's mining of the resources. We therefore agree with the trial court and hold that a claim may not be brought under the EPA against a party whose actions have inhibited a plaintiff from mining a natural resource.

Plaintiff asserts in addition, however, that its pit contains the only known commercially usable deposit of gravel of the same specifications in the Scio Township area. If plaintiff is not allowed to remove all of the gravel from its pit, builders in the area will have to have gravel trucked in from other areas. The trucks bringing the gravel, argues plaintiff, will cause the burning of diesel oil when future loads of gravel are trucked into the area. Not only will oil, a natural resource, be depleted, but the air will be polluted from the trucks' burning of oil as well.

At the hearing on the motion for summary judgment, plaintiff informed the circuit court that its claim under the EPA involved not only an impairment of the gravel in its pit, but also the possible increase in depletion of fuel oil and an increase in the pollution of the air if trucks were forced to bring gravel in from other areas. The circuit court's opinion, however, does not deal with this second basis for plaintiff's claim. The court's opinion discusses only its decision that the conditional use permit was not an impairment of the gravel as a natural resource.

The Supreme Court has stated: "We recognize

that virtually all human activities can be found to adversely impact natural resources in some way or other." *Environmental Action Council, supra,* 760. The real question is whether such action can be found to rise to the level of impairment or destruction. A court is not empowered to prevent any conduct which does not rise to the level of an environmental risk. *Oscoda Chapter of PBB Action Committee, Inc v Dep't of Natural Resources,* 403 Mich 215, 232-233; 268 NW2d 240 (1978). "The standard, 'has, or is likely to pollute, impair or destroy', is a limitation as well as a grant of power." *PBB, supra,* 233.

Although the Scio Township Board of Appeals action in limiting the amount of gravel that plaintiff may remove from its pit may indirectly result in fuel oil being burnt to transport gravel into the Scio Township area, such conduct cannot be found to rise to the level of an environmental risk. Thus, even considering plaintiff's second claim under the EPA, summary judgment against plaintiff was proper.

As to plaintiff's second claim, MCL 125.293a; MSA 5.2963(23a) provides that:

"(1) The decision of the board of appeals rendered pursuant to section 23 shall be final. However, a person having an interest affected by the zoning ordinance may appeal to the circuit court. Upon appeal the circuit court shall review the record and decision of the board of appeals to insure that the decision:

"(a) Complies with the constitution and laws of the state.

"(b) Is based upon proper procedure.

"(c) Is supported by competent, material, and substantial evidence on the record.

"(d) Represents the reasonable exercise of discretion granted by law to the board of appeals.

"(2) If the court finds the record of the board of

appeals inadequate to make the review required by this section, or that there is additional evidence which is material and with good reason was not presented to the board of appeals, the court shall order further proceedings before the board of appeals on conditions which the court considers proper. The board of appeals may modify its findings and decision as a result of the new proceedings, or may affirm its original decision. The supplementary record and decision shall be filed with the court.

"(3) As a result of the review required by this section, the court may affirm, reverse, or modify the decision of the board of appeals."

This section was made effective March 1, 1979, over one year after plaintiff had initiated this action in circuit court. However, even before the effective date of this provision, a circuit court reviewing a township zoning board of appeals ruling could only consider the record made before the board. The circuit court could not receive further evidence. *Abrahamson v Wendell (On Reh)*, 76 Mich App 278, 282; 256 NW2d 613 (1977). The only difference between the present standard and the previous one is that now a circuit court only determines whether the evidence supports the board's decision whereas previously the circuit court made a *de novo* determination and was free to draw its own conclusions from the evidence presented below. See *Abrahamson, supra, 282.*

Thus, contrary to plaintiff's argument, plaintiff may not introduce new evidence at the circuit court level.

Affirmed.