DEPARTMENT OF TRANSPORTATION v KOCHVILLE TOWNSHIP

Docket No. 240685. Submitted November 5, 2003, at Lansing. Decided February 5, 2004. Approved for publication March 25, 2004, at 9:05 A.M.

The Department of Transportation, which had sought zoning variances on behalf of sixteen property owners whose building setbacks would no longer conform to Kochville Township zoning requirements or would increase their nonconformity as a result of a road-widening project by the department, appealed the denials by the township zoning board of appeals of ten variances and moved for peremptory reversal in the Saginaw Circuit Court. In its motion, the department claimed that appearances at the hearings conducted by the township zoning board of appeals by Township Supervisor Ken Bayne, who expressed concern over the increase and permanence of the nonconforming uses, amounted to an imposition of duress in light of the fact that the township board, of which Bayne is a member, has powers of appointment over the zoning board of appeals. The court, Frederick L. Borchard, J., granted the motion for peremptory reversal. The township and the zoning board of appeals appealed by leave granted.

The Court of Appeals *held*:

The circuit court improperly granted the motion for peremptory reversal because the township supervisor's appearances did not constitute an imposition of duress as a matter of law. In making its ruling, the circuit court relied on *Barkey v Nick*, 11 Mich App 381 (1968), and *Abrahamson v Wendell (On Rehearing)*, 76 Mich App 278 (1977), cases in which public officials with powers of appointment over zoning boards of appeals appeared before the boards to represent parties that had requested a zoning exception or variance. Unlike the officials in those cases whose appearances were determined to have imposed duress on the zoning boards as a matter of law, the township supervisor in this case did not have a personal pecuniary interest in the outcome of the proceedings that conflicted with his public duty to serve the public interest.

Reversed and remanded for further proceedings.

ZONING — TOWNSHIP BOARDS OF APPEALS — APPEARANCES BY TOWNSHIP SUPER-
VISORS.

> An appearance by a township supervisor at a hearing before the township's zoning board of appeals concerning a request for a zoning variance in which the supervisor has no personal pecuniary interest does not constitute an imposition of duress on the zoning board of appeals.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Raymond O. Howd*, Assistant Attorney General, for the plaintiff.

*Cox, Hodgman & Giarmarco, P.C.* (by *Thomas J. McGraw*), for the defendants.

Before: O'CONNELL, P.J., and JANSEN and WILDER, JJ.

PER CURIAM. Defendants appeal by leave granted an order peremptorily reversing defendant Kochville Township Board of Zoning Appeals' denial of ten zoning variance requests.[1] We reverse.

### I. FACTS AND PROCEEDINGS

Plaintiff, the Department of Transportation, undertook a road-widening project to improve M-84, also known as Bay Road, which runs through Kochville Township. As a result of widening the road, numerous properties along M-84 would no longer conform to the setback requirements of the township's zoning ordinance or the extent of their legal nonconformity would increase. Pursuant to MCL 213.52(2), plaintiff sought zoning variances on behalf of sixteen property owners whose signs, buildings, or parking lots would be affected by the project.

---

[1] Throughout the remainder of this opinion, "defendant" refers to the board of zoning appeals.

Defendant convened on October 22, 2001, to separately consider each variance request and granted the first request. While defendant was considering the second variance request, Ken Bayne, the township supervisor, stated:

> On behalf of the township, . . . I wanted to point out that, in our new sign ordinance that was just written and approved and it's become law in the township, every one of these signs is a legal, nonconforming sign. And I don't believe it's the township's position that—I don't feel we should be increasing a nonconformity, and that's exactly what we're doing. And the township spent a lot of time, the better part of three or four months, on rewriting this sign ordinance to improve the safety issues along the M-84 corridor and within our business districts. And I don't think we should take the position of making these nonconformities more nonconforming than what they already are.

After Bayne made these comments, defendant denied the variance request it was considering. Defendant proceeded to consider several other variance requests that day and denied all but one request. The next day, defendant's hearings resumed. Defendant granted some requests and denied others. As defendant was considering the last variance request, Bayne addressed the board again:

> I think the township would be concerned on the building setback as close to the road as it is. If something would happen to that building, they're going to be allowed to rebuild that building on the same, exact spot, and they don't have to build it according to the current ordinances. They can build it according to the variance that they have, and that variance remains with that property forever.

Defendant denied the final request.

Plaintiff subsequently appealed all ten denials to the trial court and moved for preemptory reversal, claiming that Bayne's appearances before the board in his capac-

ity as township supervisor amounted to an imposition of duress as a matter of law, in light of the fact that the township board, of which Bayne is a member, has powers of appointment over defendant. The trial court granted plaintiff's motion and granted the variance requests. Defendants now appeal.

### II. STANDARD OF REVIEW

Although "there is no single standard of review that applies in zoning cases," *Macenas v Village of Michiana*, 433 Mich 380, 394; 446 NW2d 102 (1989), we review the specific question presented in this case de novo as a question of law, *In re Jude*, 228 Mich App 667, 670; 578 NW2d 704 (1998).

### III. ANALYSIS

Defendants contend that the trial court improperly granted plaintiff's motion for preemptory reversal because the township supervisor's appearances did not constitute an imposition of duress as a matter of law. We agree.

The trial court relied exclusively on *Barkey v Nick*, 11 Mich App 381; 161 NW2d 445 (1968), and *Abrahamson v Wendell (On Rehearing)*, 76 Mich App 278; 256 NW2d 613 (1977), to support its conclusion that Bayne's appearances imposed duress on defendant as a matter of law. In *Barkey*, a city commissioner with power of appointment over the zoning board of appeals represented his brother and sister-in-law before the board in their request for a special exception to use part of their property as a parking lot. *Barkey, supra* at 383. This Court ultimately determined that the city commissioner's appearance before the board constituted an imposition of duress as a matter of law. *Id.* at 385. Similarly,

in *Abrahamson,* the township supervisor, possessing power of appointment over the zoning board of appeals, appeared before the board to request a variance. *Abrahamson, supra* at 280. At the time, the township supervisor served both as the representative for the parties requesting the variance and their contractor. *Id.* Relying on *Barkey,* this Court concluded that the township supervisor's appearance constituted an imposition of duress as a matter of law. *Id.* at 281-282.

Defendant argues that *Barkey* and *Abrahamson* are distinguishable from the instant case and that the trial court, therefore, erred by relying on them to conclude that Bayne imposed duress on defendant. We agree.

In *Barkey,* this Court stated that the appearance of the city commissioner in that case created: (1) "an abuse of trust imposed by the assumption of public office"; (2) "a personal pecuniary interest conflicting with the fiduciary duty owed all members of the public"; and (3) "a doubt in the public mind as to the impartiality of the board's action." *Barkey, supra* at 385. The Court continued by stating that

[t]he presence of the city commissioner before the board brings with it the presence and powers of his office. It is basic to due process that in all judicial and *quasi*-judicial proceedings the deciding power must not seek to serve [interests] other than that of the voters, taxpayers, members of the general public, justice, and due process. [*Id.* (emphasis in original).]

The Court in *Abrahamson* likewise concluded that a conflict of interest existed between the township supervisor's personal interest and public duty. *Abrahamson, supra* at 281. Without further intervening analysis, the Court stated: "Therefore, as a matter of law, the appearance by the supervisor before the body over which he had appointive powers, at least in part, must be deemed

an imposition of duress on the members of the zoning board of appeals and, as a result, the action of the board is void." *Id.* at 281-282.

Unlike the officials in *Barkey* and *Abrahamson*, Bayne did not have a personal pecuniary interest in the outcome of the proceedings. We conclude that this distinction is crucial because of the extent to which the analysis in *Barkey* and *Abrahamson* relied on the conflict between the official's personal interest and his public commitment. Although plaintiff contends that *Barkey* and *Abrahamson* apply despite this difference, we disagree. In neither case did this Court state that the same result occurs in the absence of a conflict of interest.

Additionally, the importance of the existence of a conflict of interest to the conclusions reached in *Barkey* and *Abrahamson* is emphasized by the *Barkey* Court's reliance on *Place v Bd of Adjustment of Borough of Saddle River*, 42 NJ 324; 200 A2d 601 (1964), and *Aldom v Borough of Roseland*, 42 NJ Super 495; 127 A2d 190 (1956). In these cases, the courts stressed that public officials must serve the public interest to the exclusion of self-interest. *Place, supra* at 332-333; *Aldom, supra* at 501-502. The court in *Aldom* stated, "[b]asically the question is whether the officer, by reason of a personal interest in the matter, is placed in a situation of temptation to serve his own purposes to the prejudice of those for whom the law authorizes him to act as a public official." *Aldom, supra* at 502. Moreover, *Aldom,* upon which *Place* relied, addressed whether a councilman with a personal interest in the matter should have abstained from voting, *id.* at 500, and did not involve a public officer with powers of appointment over the voting body.

In the present case, the township supervisor did not represent a personal interest but maintained his fidelity to the township's citizens by commenting on the interests of the township. Accordingly, he did not serve an interest "other than that of the voters, taxpayers, members of the general public, justice, and due process." *Barkey, supra* at 385. Moreover, by representing the township's interests, he did not encourage the board members to serve an interest other than that which they were bound to serve. *Id.* Accordingly, we conclude that the instant case is not analogous to *Barkey* and *Abrahamson* and that the trial court, therefore, erred by concluding that Bayne's appearances imposed duress on defendant as a matter of law.[2]

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

---

[2] To the extent that plaintiff argues that Bayne imposed duress on defendant or unduly influenced defendant as a matter of fact rather than as a matter of law, plaintiff did not properly preserve this claim. *Fast Air, Inc v Knight*, 235 Mich App 541, 549; 599 NW2d 489 (1999).