SCHLITZ v. HUCKABEE

1. Zoning—Local Zoning Boards—Discretion—Judicial Review.

Courts will not sit in judgment on matters wholly within the discretion of local zoning boards whose decisions are final and binding unless there is provable caprice, abuse, or arbitrary action.

2. Zoning—Local Zoning Board—Judicial Review.

Trial court's finding that defendants were violating a zoning ordinance by operating a beauty shop in their home although the local zoning board had previously held that such beauty shop was a permissible home occupation within defendants' zoning district, constituted an improper interference with the board's discretionary powers where there were no allegations that the zoning board's determination was arbitrary, capricious, or an abuse of discretion.

Appeal from Ottawa, Raymond L. Smith, J. Submitted Division 3 March 4, 1970, at Grand Rapids. (Docket No. 6,409.) Decided March 27, 1970.

Complaint by Charles Schlitz, Oneta Smith, William B. Miller and Emily Miller against George Huckabee and Patricia Huckabee to enjoin defendants from using their home as a beauty shop. Judgment for plaintiffs. Defendants appeal. Reversed and remanded for dismissal.

Reference for Points in Headnotes
[1, 2]  58 Am Jur, Zoning § 229 et seq.

*Robert J. Scheuerle,* for plaintiffs.

*Seymour I. Rosenberg,* for defendants.

Before: R. B. BURNS, P. J., and FITZGERALD and LEVIN, JJ.

PER CURIAM. Plaintiffs reside on either side of defendants' property on 160th Avenue in Grand Haven, Michigan. The area is zoned residential under the township zoning ordinance. Although this particular zoning district is highly restrictive, certain home occupations such as gardening, handicraft, professional services, transient lodging and boarding, and incidental sale of produce are permitted, provided no such use shall change the character of the residence.

Defendant Patricia Huckabee is a trained cosmetologist and opened a beauty shop in a room added to her residence. The Grand Haven Township Board of Zoning Appeals determined that the beauty shop was classified as a home occupation and as such was allowed to operate so long as it remained in that classification. Plaintiffs sought injunctive relief from the courts, alleging nuisance and nonconforming use under the township ordinance. The trial court found that there was no evidence of nuisance, but held that the operation of such an establishment violated the ordinance.

The main issue with which we are faced is whether the trial court erred in assuming jurisdiction and in denying defendants' motion to dismiss.

A thorough review of the record indicates that the board of zoning appeals denied defendants' request for a variance, holding that a variance ruling was unnecessary since the beauty parlor as presently operated is classified as a home occupation and could

continue to operate as long as it remained in that classification. The local ordinance permits the appeal board discretionary powers in granting variances and in the determination of what constitutes a home occupation.

Our review of their decision is limited to a determination of whether the board's action was arbitrary or an abuse of its discretion. *Jaworski* v. *Manufacturers National Bank of Detroit* (1965), 1 Mich App 312; *Indian Village Manor Company* v. *City of Detroit* (1967), 5 Mich App 679. This Court finds no allegation or proof that the board acted arbitrarily or in abuse of its discretion. The law in this area is well-settled that the courts will not sit in judgment on matters wholly within the discretion of local zoning boards. *Barkey* v. *Nick* (1968), 11 Mich App 381.

When the appeal board made a determination that defendants' beauty shop constituted a permissible home occupation, this became a binding and final determination. Only where there is provable abuse, caprice or arbitrary action may a court interfere. Such allegations were not raised in the present case. Therefore, the trial court improperly interfered with the discretionary powers of the township's zoning board of appeals. The acceptance of jurisdiction under these circumstances was unwarranted and was clearly erroneous. In view of this ruling, we do not reach other issues raised on this appeal.

Reversed and remanded with instructions to grant defendants' motion to dismiss. Costs to appellants.