COMMODITIES EXPORT CO v CITY OF DETROIT

Docket No. 45361. Submitted June 6, 1980, at Detroit.—Decided January 23, 1981. Leave to appeal applied for.

Commodities Export Co. appealed a decision by the Detroit Board of Zoning Appeals denying it a variance for the use of its property to Wayne Circuit Court. Ammex, Inc. was allowed to intervene as a defendant in the appeal. Thereafter, Commodities Export Co. and the City of Detroit consented to a judgment which was entered, Myron H. Wahls, J., over the objection of Ammex. Ammex appeals. *Held:*

A valid consent judgment required the consent of all parties, and the entry of such a judgment without Ammex's consent is a nullity.

Reversed and remanded.

BRONSON, J., dissented. He would hold that Ammex was not an aggrieved party as required by statute and, thus, has no standing to appeal. He would affirm.

OPINION OF THE COURT

1. JUDGMENTS — CONSENT JUDGMENTS — INTERVENING PARTIES.

A valid consent judgment requires the consent of all parties to an action, and where a defendant has intervened by right and not only does not consent to, but vigorously opposes the entry of a consent judgment, such judgment entered without his consent is a nullity.

DISSENT BY BRONSON, J.

2. ZONING — ZONING BOARDS OF APPEAL — INTERVENING PROPERTY OWNERS — NOTICE — APPEAL — STATUTES.

*Owners of real property located within 300 feet of property which is the subject of proceedings before a zoning board of appeals have the right to receive notice of and to intervene in such proceedings, but only those parties who are aggrieved by ac-*

REFERENCES FOR POINTS IN HEADNOTES

[1] 47 Am Jur 2d, Judgments § 1083.
[2, 3] 82 Am Jur 2d, Zoning and Planning § 344.

*tions of the board are entitled to institute appellate review (MCL 125.585, 125.591; MSA 5.2935, 5.2941).*

3. ZONING — VARIANCES — STANDING TO APPEAL — DAMAGES.

*A person does not have standing to appeal the grant of a zoning variance as an aggrieved person merely because the variance will increase competition in his business; such standing should be determined by inquiry into the suffering of special damages usually applicable to third-party appellants.*

*Kelman, Loria, Downing, Schneider & Simpson,* for plaintiff.

*Fischer, Franklin, Ford, Simon & Hogg* (by *Gerald C. Simon* and *John H. Otto),* for Ammex, Inc.

Before: BASHARA, P.J., and BRONSON and T. C. QUINN,* JJ.

PER CURIAM. The Detroit Board of Zoning Appeals denied plaintiff a use variance for property at 1060 23rd Street. Plaintiff appealed to the circuit court by way of a complaint against the city, without naming any area landowners. Ammex, Inc., an area landowner, within 300 feet of plaintiff's property, sought intervention and was allowed to intervene by an order dated December 8, 1978. Thereafter, the plaintiff and the city agreed to a consent judgment which was entered on May 18, 1979. Ammex appeals.

The intervention of Ammex in the plaintiff's circuit court action was by right, *D'Agostini v City of Roseville,* 396 Mich 185; 240 NW2d 252 (1976), as the circuit judge recognized by his order of December 8, 1978. Thereafter, a valid consent judgment required the consent of all parties. In this case, Ammex not only did not consent, it

---

* Former Court of Appeals Judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

vigorously opposed the entry of the consent judgment. We find that the consent judgment entered without Ammex's consent is a nullity.

The obligation of the circuit judge on an appeal from a Zoning Board of Appeals is clearly spelled out in the recent case of *Ed Zaagman, Inc v City of Kentwood,* 406 Mich 137; 277 NW2d 475 (1979). That obligation was not met in this case.

Reversed and remanded.

BRONSON, J. *(dissenting).* I dissent. In my opinion, Ammex lacks standing to appeal the entry of the consent judgment.

MCL 125.585; MSA 5.2935 gives all owners of property located within 300 feet of plaintiff's realty the right to receive notice of, and to intervene in, proceedings before the Zoning Board of Appeals. However, this does not necessarily mean that all such property owners are entitled to seek review of zoning actions. MCL 125.591; MSA 5.2941 requires that a party also be "aggrieved" to be entitled to institute appellate review. *Western Michigan University Board of Trustees v Brink,* 81 Mich App 99, 101-102; 265 NW2d 56 (1978).

In *Western Michigan University Board of Trustees, supra,* 105, we said that a zoning board's decision to allow the expansion of a nonconforming use which increased the value of the property and, thus, made it more expensive to purchase was not appealable by plaintiff, a prospective buyer. There, as here, plaintiff owned property within 300 feet of the subject realty. This Court held, however, that plaintiff was not an aggrieved party and had no legally protectable interest in restraining the expansion of the nonconforming use in the property.

In Comment, *Standing to Appeal Zoning Deter-*

*minations: The "Aggrieved Person" Requirement,*
64 Mich L Rev 1070, 1082-1083 (1966), cited with
approval by the *Western Michigan University
Board of Trustees* Court, *supra,* 102-103, the au-
thor states:

"It is uniformly held that a person who objects to the
grant of a variance solely on the ground that it will
create competition with his business is not 'aggrieved.'
An individual cannot be aggrieved 'merely because a
variance, even if improvidently granted, will increase
competition in [his] business.' Any injury to the compe-
titor's business stemming from the variance is viewed
as *damnum absque injuria.* Naturally, a competitor
could be 'aggrieved' if he also had an interest, apart
from his business interest, that would be adversely
affected. For example, a competitor might own residen-
tial property within the zoned area. His standing should
therefore be determined by the usual 'special damage'
inquiry applicable to other third-party appellants."

In the instant case, Ammex's sole interest in
continuing the residential zoning of plaintiff's
property is to restrain competition. Ammex's prop-
erty will not decline in value or be otherwise
adversely affected solely due to the inherent na-
ture of the land use. If the market value of Am-
mex's property declines, it will be entirely the
product of the necessity of competition with plain-
tiff. I do not believe the courts should be used as
an instrument to restrain competition.

I would affirm.