SZLUHA v AVON CHARTER TOWNSHIP

Docket No. 66876. Submitted May 17, 1983, at Detroit.—Decided August 31, 1983.

Nicholas and Diana Szluha appealed an order of the Zoning Board of Appeals of the Charter Township of Avon to the Oakland Circuit Court. The zoning board of appeals interpreted a township zoning ordinance to allow the Michigan Humane Society to construct an animal welfare center on land zoned light industrial. The court, John N. O'Brien, J., affirmed. The Szluhas appealed. *Held:*

1. Judicial review of decisions made by a township zoning board of appeals is only to insure that the decision: 1) complies with the constitution and laws of Michigan, 2) is based upon proper procedure, 3) is supported by competent, material, and substantial evidence on the record, and 4) represents the reasonable exercise of discretion granted by law.

2. A township zoning board of appeals has the authority to interpret the zoning ordinances which it administers.

3. A zoning ordinance must be reasonably construed with regard to the objects sought to be attained and the overall structure of the zoning scheme. The board's interpretation was reasonable.

4. The court must give considerable weight to the findings of fact made by the board of appeals.

Affirmed.

1. Zoning — Appeal — Townships.

Judicial review of decisions made by a township zoning board of appeals is only to insure that the decision: 1) complies with the constitution and laws of Michigan, 2) is based upon proper procedure, 3) is supported by competent, material, and substan-

References for Points in Headnotes

[1] 2 Am Jur 2d, Administrative Law § 553.
   82 Am Jur 2d, Zoning and Planning § 322.
[2] 82 Am Jur 2d, Zoning and Planning §§ 60, 66.
[3] 82 Am Jur 2d, Zoning and Planning § 68.
[4] 82 Am Jur 2d, Zoning and Planning §§ 101, 104.
[5] 82 Am Jur 2d, Zoning and Planning § 334.

tial evidence on the record, and 4) represents the reasonable exercise of discretion granted by law (MCL 125.293a[1]; MSA 5.2963[23a][1]).

2. ZONING — BOARD OF APPEALS — STATUTES.

A township zoning board of appeals has the authority to interpret the zoning ordinances which it administers (MCL 125.290; MSA 5.2963[20]).

3. ZONING — JUDICIAL CONSTRUCTION.

A zoning ordinance must be reasonably construed with regard to the objects sought to be attained and the overall structure of the zoning scheme.

4. ZONING — PROHIBITED USE.

A zoning ordinance which has the effect of totally prohibiting a particular land use within a township is impermissible in the absence of special circumstances (MCL 125.297a; MSA 5.2963[27a]).

5. APPEAL — ZONING — TOWNSHIPS.

Review of a decision by a township zoning board of appeals is *de novo* on the record made before the board of appeals; the court must give considerable weight to the findings of fact made by the board of appeals.

*Hopping & Duff* (by *George B. Hopping*), for plaintiffs.

*Patterson, Patterson, Whitfield, Manikoff, Ternan & White* (by *Lawrence R. Ternan* and *Daryl P. McDonald*), for Charter Township of Avon.

*Butzel, Keidan, Simon, Myers & Graham* (by *Mark S. Keegan* and *Raymond C. McVeigh*), for The Michigan Humane Society.

Before: T. M. BURNS, P.J., and D. R. WALSH and C. W. SIMON, JR.,* JJ.

C. W. SIMON, JR., J. Plaintiffs, Nicholas Szluha, a veterinarian and his wife, Diana, appeal as of

* Circuit judge, sitting on the Court of Appeals by assignment.

right from an order entered in the Oakland County Circuit Court which affirmed the decision of the Zoning Board of Appeals of defendant Charter Township of Avon, interpreting the township's zoning ordinance as permitting defendant Michigan Humane Society to construct an animal welfare complex in an area zoned I-1, light industrial.

By letter of November 24, 1980, to the Avon Township Department of Planning and Zoning, David K. Wills, Executive Director of the Michigan Humane Society, indicated his organization's strong desire to build "a center for animal welfare" at a particular site inside the township. This letter provided in pertinent part:

"This facility would include: a veterinary hospital, facilities for the housing of unwanted dogs and cats, a facility for the holding, care and treatment of disposed or injured wildlife. The facility would be aesthetically designed to promote natural surroundings and a low-key look.

"We are seeking an interpretation of the zoning definitions to see if light industrial, as the property is now zoned, will allow this type of use."

The Humane Society's request for an interpretation of the uses permissible in an I-1, light industrial district was taken up by the zoning board of appeals for the township. Two public hearings were held, and, after these hearings, the zoning board of appeals determined that the proposed animal welfare complex constituted a permissible use of property zoned I-1, light industrial, within the meaning of art XIII, § 1300 of the township zoning ordinance. The board specifically found:

"1) The use is similar to § 1300, ¶ 5 (other uses similar to above permitted uses).

"2) The use has the nature of 'storage' as referred to in § 1300.

"3) The use has the nature of an industrial building.

"4) The use is located on a large parcel of property.

"5) It is recognized that the proposed use is not permitted in any other zoning district in the township."

Some 15 months after the board of appeals interpreted the township zoning ordinance as permitting the Humane Society's proposed use inside in I-1 zoned parcel, plaintiffs instituted this action to halt the project.[1] Following an expedited hearing on plaintiffs' complaint, the circuit court affirmed the interpretation of the ordinance rendered by the zoning board of appeals.

Plaintiffs first contend that the zoning board of appeals granted the Humane Society a use variance under the guise of "interpretation". A use variance permits the utilization of land in a manner otherwise proscribed by a zoning ordinance. *Heritage Hill Ass'n, Inc v Grand Rapids*, 48 Mich App 765, 768; 211 NW2d 77 (1973). The board of zoning appeals concluded, however, that Avon Township's zoning ordinance permitted the Humane Society's proposed use in an I-1 district. The minutes of the zoning board of appeals show that whether the Humane Society should be granted a

---

[1] The Township of Avon filed a motion for accelerated judgment in part based on the premise that plaintiffs lacked standing to enjoin the project. Plaintiffs are not abutting property owners to the parcel in dispute. Rather, plaintiff Nicholas Szluha operates a veterinary clinic two blocks from this parcel. A substantial question exists as to whether plaintiffs are aggrieved parties who enjoy a sufficient interest by virtue of their apparent desire to restrain competition to attack the zoning board of appeals actions. See *Western Michigan University Bd of Trustees v Brink*, 81 Mich App 99, 105; 265 NW2d 56 (1978); *Commodities Export Co v Detroit*, 103 Mich App 205; 303 NW2d 7 (1981) (BRONSON, J., *dissenting*), *lv den* 411 Mich 1021 (1981). However, since the standing question is not clear-cut and since neither defendant filed a proper claim of appeal or cross-appeal, we decline to resolve this matter on the issue of standing.

use variance was never discussed. Nor is there any indication on the record that the board used "interpretation" to allow a use which it actually believed was impermissible in an I-1, light industrial district. Plaintiffs' contention that a use variance was granted the Humane Society is merely a roundabout way of attacking the interpretation given to art XIII, § 1300 (Principal Uses Permitted in an I-1 Light Industrial District) by the board of zoning appeals.[2]

As the circuit court recognized, the Township Rural Zoning Act sets forth the standard of review for appeals from zoning board decisions:

"The decision of the board of appeals rendered pursuant to section 23 shall be final. However, a person having an interest affected by the zoning ordinance may appeal to the circuit court. Upon appeal the circuit court shall review the record and decision of the board of appeals to insure that the decision:

"(a) Complies with the constitution and laws of the state.

"(b) Is based upon proper procedure.

"(c) Is supported by competent, material, and substantial evidence on the record.

"(d) Represents the reasonable exercise of discretion granted by law to the board of appeals." MCL 125.293a(1); MSA 5.2963(23a)(1).

It is apparently plaintiffs' position that the zoning board of appeals lacks any discretion to interpret the zoning ordinance and, thus, the board's decision did not comply with the constitution and laws of the state. However, pursuant to MCL 125.290; MSA 5.2963(20), each township board of

---

[2] The complaint filed by plaintiffs did not allege that the board had impermissibly granted a use variance. Rather, in their complaint, plaintiffs forthrightly acknowledged that the board had interpreted the zoning ordinance, albeit incorrectly in their opinion.

zoning appeals is empowered to "act upon all questions as they may arise in the administration of the zoning ordinance". In our opinion, this clearly includes the power to interpret the zoning ordinances which it must administer. Moreover, § 2103 of Avon Township's zoning ordinance explicitly empowers the zoning board of appeals to interpret the ordinance text. Thus, the actions of the board were sanctioned by the laws of the state. MCL 125.293a(1)(a); MSA 5.2963(23a)(1)(a).

Plaintiffs also contend that, if the zoning board of appeals does have the power to interpret Avon Township's zoning ordinance and did, in fact, engage in interpretation, rather than grant a disguised use variance, its decision must still be reversed because the record is "clearly inadequate" to support its determination. We disagree, and explicitly adopt the following excerpt from the lower court's opinion as our own in determining that MCL 125.293a(1), subds (b) and (c); MSA 5.2963(23a)(1), subds (b) and (c)[3] were fulfilled by the zoning board in this matter:

"A review by the court of the record of the board of appeals shows that the board gave fairly extensive consideration to the matter at two different meetings, one in December and one I have referred to in February of '81.

"That at the December meeting the board heard Mr. Wills of the Humane Society explain the project, opened the public hearing to hear from proponents or opponents to the project, questioned Mr. Wills on the project and voted to table the issue so that they could hear from Mr. Lehoczky, the Township Planning Consultant, and to allow time for members to review spe-

[3] In fact, plaintiffs make no allegations that the zoning board of appeals did not follow "proper procedure", independent of their claims that the board actually granted a use variance and did not compile an adequate record for its determination.

cial purpose uses, and to allow time for submitting further comment by any interested parties.

"At the February 9th meeting, the Township Planning Consultant—his recommendation was read to the board. Members of the audience were allowed time to speak on the matter. The Township Attorney stated that in his opinion, the subject site was compatible for the proposed use. Member Healy stated he thought the use would come under storage in the industrial district. The board voted that the animal welfare complex was a principal permitted use in a light industrial zoning district.

"Based on those proceedings, there appeared to be competent, material, and substantial evidence on the record to support the board's findings as required by statute. Therefore, additional evidence from the board will not be remanded."

We next address whether the zoning board of appeals interpretation of the permissible uses in a district zoned I-1, light industrial, constitutes a reasonable exercise of the discretion granted to it. A zoning ordinance must be reasonably construed with regard to the objects sought to be attained and the overall structure of the zoning scheme. *Prevost v Macomb Twp,* 6 Mich App 462, 467; 149 NW2d 453 (1967), *lv den* 379 Mich 768 (1967).

The zoning board of appeals recognized that an animal welfare complex was not explicitly identified as being a permissible use in any of Avon Township's zoning districts. Consequently, the board carefully considered whether the use was sufficiently similar to any of the uses specifically allowed in any of the zoning districts. The zoning board ultimately concluded that an animal center of the magnitude proposed by the Humane Society —a facility which would house up to 18,000 domestic and wild animals annually—had characteristics of a storage facility and was more like an indus-

trial building than a retailing business which might be found in a district zoned for nonindustrial businesses.

The zoning board of appeals also recognized that an ordinance which has the effect of totally prohibiting a particular land use within a township is impermissible in the absence of special circumstances. MCL 125.297a; MSA 5.2963(27a). See, also, *Kropf v City of Sterling Heights,* 391 Mich 139, 155-156; 215 NW2d 179 (1974).

Noting the fact that art XIII, § 1300.5 permits uses in an I-1 industrial district similar to those specifically delineated in the ordinance, the fact that none of the zoning districts explicitly permitted the Humane Society to construct its animal welfare complex, and the fact that "restrictions contained in the ordinance under industrial zoning are protective to the surrounding neighborhoods",[4] the zoning board of appeals concluded that the proposed animal welfare complex was permissible in an I-1, light industrial district.

Plaintiffs' argument that the zoning board's determination was not a reasonable exercise of its discretion centers on the fact that the Humane Society's facility would include an in-house veterinary clinic. Although plaintiffs fail to specify in just what zoning district Avon Township permits veterinary facilities to operate, they imply that this is a permissible use in a district other than an I-1, light industrial. The zoning board of appeals found, however, that the primary purpose of the Humane Society's animal welfare complex was not to provide veterinary services. Rather, the zoning board determined that the veterinary clinic would constitute a small portion of the total complex and

---

[4] Minutes of the Avon Charter Township Zoning Board of Appeals public hearing held on February 9, 1981.

was permissible as an incidental or accessory use. The Avon Township Zoning Ordinance specifically permits such accessory uses in I-1, light industrial, districts. Art XIII, § 1300.4.

Decisions by a zoning board of appeals of the type involved in this matter are largely discretionary. While the circuit court reviews these decisions *de novo* on the record, considerable weight is accorded the findings of fact of the board of appeals. *Abrahamson v Wendell,* 72 Mich App 80, 83-84; 249 NW2d 302 (1976). The primary reason for this deference to the findings of the board of appeals is obvious—its members are local residents who reside in the township and who possess a much more thorough knowledge of local conditions, current land uses, and the manner of future development desirable for those who reside in the township.[5] In this case, the zoning board of appeals obviously gave careful consideration to the issue at hand and assigned sound reasons for interpreting Avon Township's ordinance as it did. As the circuit court held below, we find that the interpretation constitutes a reasonable exercise of discretion, comporting with both state law and the local zoning ordinance. MCL 125.293a(1)(d); MSA 5.2963(23a)(1)(d).

---

[5] In *Quigley v Dexter Twp,* 390 Mich 707; 213 NW2d 166 (1973), the Supreme Court rendered an opinion which can be read as indicating that the lower courts should not accord any special weight to a zoning board of appeals findings. If this is what the Supreme Court meant in *Quigley,* we note a significant amendment to the Township Rural Zoning Act after *Quigley* which would suggest that deference should be given to a zoning board's findings if, indeed, the Supreme Court did mean to say the contrary in *Quigley.* In *Quigley,* in determining that the circuit court had a duty to conduct a *de novo* review of the township zoning board's findings of fact, the Court emphasized that MCL 125.293; MSA 5.2963(23) specifically provided that decisions of the township zoning boards were *not final.* However, the Legislature, by 1978 PA 637, § 1, effective March 1, 1979, added § 23a, MCL 125.293a; MSA 5.2963(23a), to the Township Rural Zoning Act, and this section explicitly provides that decisions by a township zoning board of appeals are final.

Plaintiffs' final claim on appeal is that, because the Humane Society did not obtain a building permit for, or begin operation of, its animal welfare complex within one year of the zoning board of appeals interpretation allowing the complex to be constructed in an I-1 zoned district, the township no longer has authority to permit such a use without further action by the zoning board of appeals. Plaintiffs rely on art XXI, § 2106 of the Avon Township ordinance as support for its position. On this issue, the circuit court held:

> "The question of the one year delay in the utilization of the use found by the board back in February, doesn't have application here. It has application to the granting of a variance; after the passage of a year there must be a new application. Here the fact that a board makes a decision as to the application of a particular existing use in a zone, the fact that a year goes by or any period goes by, doesn't in and of itself reverse that earlier decision that has been made by the board in exercising its discretion as to where a given operation belongs under the existing uses."

We agree with the lower court that an interpretation by the zoning board of appeals does not automatically expire after one year. Such a construction of art XXI, § 2106 of the Avon Township zoning ordinance would be illogical in that it would allow the same language in the same zoning ordinance to be interpreted to mean different things from year to year.

Affirmed. Defendants may tax costs.