SINELLI v BIRMINGHAM BOARD OF ZONING APPEALS

Docket No. 89094. Submitted December 2, 1986, at Detroit. Decided
    April 9, 1987.

   A parcel of property in the City of Birmingham known as the
   water tower parcel is zoned public property and abuts property
   owned by Armando G. DeCapite and Bottle & Basket of Bir-
   mingham, Inc., on which is the Bottle & Basket Restaurant.
   The city approved the use of part of the water tower parcel for
   restaurant parking and authorized the preparation of a lease
   for this approved use. Michael J. and Patricia K. Sinelli and
   Robert P. and Melanie LaFave brought an action in the Oak-
   land Circuit Court against the Birmingham Board of Zoning
   Appeals, the City of Birmingham, and others to prevent the use
   of the water tower parcel for restaurant parking. The court,
   Robert L. Templin, J., granted summary disposition for defen-
   dants, holding that the proposed use of the parcel for off-street
   parking was permitted under the city's zoning ordinance. Plain-
   tiffs appealed.

   The Court of Appeals *held:*

   Off-street parking was a permitted use of public property
   under the zoning ordinance. The city had consistently inter-
   preted the zoning ordinance as allowing the city to lease
   property zoned public property for parking purposes. Such an
   interpretation was reasonable.

   Affirmed.

1. ZONING — JUDICIAL CONSTRUCTION — BOARD OF APPEALS — AP-
   PEAL.

   A zoning board of appeals has the power to interpret the zoning
   ordinance which it must administer; in passing on the meaning
   of a zoning ordinance, courts should consider and give weight
   to the construction of the ordinance by those administering the
   ordinance.

2. ZONING — APPEAL.

   Courts will not sit in judgment on matters wholly within the

REFERENCES

Am Jur 2d, Zoning and Planning, §§ 66-68, 322 *et seq.*
See the annotations in the Index to Annotations under Zoning.

discretion of local zoning boards whose decisions are final and binding unless there is provable caprice, abuse, or arbitrary action.

*Melanie Lafave,* for plaintiffs.

*Beier, Howlett, Hayward, McConnell, McCann, Jones, Kingsepp & Shea* (by *Jon H. Kingsepp*), for defendants City of Birmingham and Birmingham Board of Zoning Appeals.

*Meyer, Kirk, Snyder & Safford* (by *Ralph R. Safford*), for defendants Bottle & Basket of Birmingham, Inc., and Armando De Capite.

Before: J. H. GILLIS, P.J., and SHEPHERD and W. A. PORTER,* JJ.

PER CURIAM. Plaintiffs appeal from an order of summary disposition in favor of defendants in this dispute arising under the Birmingham zoning ordinance. We affirm.

Plaintiffs apparently own residential property in Birmingham immediately north of a parcel of land surrounding a city water tower and known as the "water tower parcel." Defendant City of Birmingham owns the water tower parcel, which is zoned "public property" under the zoning ordinance. The water tower parcel also abuts property owned by defendant Armando G. DeCapite and Bottle & Basket of Birmingham, Inc., on which is the Bottle & Basket Restaurant. Birmingham approved the use of a portion of the water tower parcel for restaurant parking and authorized the preparation of a lease for this approved use. It appears that additional restaurant parking was required because of an error in ascertaining the parking requirements for the restaurant's new location.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Birmingham apparently approved the restaurant site plan with fewer parking spaces than required under the zoning ordinance, and this error was not immediately caught by Bottle & Basket's architects.

Plaintiffs applied on January 14, 1983, to defendant Birmingham Board of Zoning Appeals for interpretation and administrative review of the Water Tower Parcel—Restaurant Parking Site Plan approved by Birmingham's Planning and Historic District Commission. The board found that restaurant parking was a permitted use under the zoning ordinance. This suit in circuit court followed on March 13, 1985. Plaintiffs alleged that use of a portion of the water tower parcel for parking for a private commercial establishment was not permitted.

Defendants DeCapite and Bottle & Basket moved for summary disposition pursuant to MCR 2.116(C)(10) on March 20, 1985, contending that the proposed use of the parcel for off-street parking was permitted under § 5.15 of the zoning ordinance, as that section has been consistently interpreted by the city, and that the approval of the lease for off-street parking represented a reasonable exercise of the municipal defendants' discretion. The circuit court granted summary disposition for defendants on November 8, 1985.

Section 5.15 of the Birmingham zoning ordinance provides permitted uses of property zoned "public property":

> Permitted Principal Uses
> 1. Buildings housing governmental functions of the City, County or State.
> 2. Schools, municipal buildings, libraries, fire stations, police stations, department of public works buildings and storage yards, wells, cemeter-

ies, *off-street parking facilities,* water towers, auditoriums and essential services.

3. Parks, playground, playfield, stadiums, flood plains, lakes and rivers.

4. Any use of a building or land similar in character to those specified above.

5. Public swimming pool. [Emphasis added.]

Plaintiffs argue that parking is permitted in a public property zone only if it is connected to one of what they term the public purposes listed in paragraph 2 of § 5.15, and thus the word "public" should be read into the phrase "off-street parking facilities" as it appears in § 5.15. Defendants, on the other hand, argue that § 5.15's language is plain and unambiguous, permitting such property to be used for off-street parking of automobiles, and should not be read as limiting such use to persons having as their destination some public facility or public purpose.

A zoning board of appeals has the power to interpret the zoning ordinance which it must administer. *Szluha v Avon Charter Twp,* 128 Mich App 402, 407; 340 NW2d 105 (1983). Moreover, 82 Am Jur 2d, Zoning & Planning, § 66, pp 495-496, summarizes a process employed by the courts in interpreting zoning laws:

In passing upon the meaning of a zoning ordinance, the courts will consider and give weight to the construction of the ordinance by those administering the ordinance. In cases of ambiguity in a municipal zoning ordinance, the past practical construction over an extensive period by the officer or administrative agency charged with its administration is to be accorded great weight in determining its meaning. However, an administrative construction is not binding on the court, which is free to overrule the construction if it is deemed to be wrong or erroneous.

Birmingham has consistently interpreted § 5.15 as allowing the city to lease for parking purposes property zoned public property. Patrick Murphy, a Birmingham building official, submitted an affidavit listing several specific instances in which Birmingham has leased public property for off-street parking and other private uses. In granting defendant's summary disposition motion, the circuit court apparently relied in part upon Murphy's affidavit.

This is a reasonable interpretation of the provision. We regard plaintiffs' interpretation of § 5.15 as unreasonable. Plaintiffs suggest that all of the permitted uses listed in paragraph two of § 5.15 are carried on for public use. Plaintiffs' reasoning then hints that all of these permitted uses are carried on by municipalities. While some generally are, i.e. "police stations," many of the other uses can be carried on by private entities. One such permitted use is for "schools." The zoning ordinance, according to defendants, defines schools:

> SCHOOLS: An institution, either *public or private,* offering instruction in primary, secondary or collegiate courses of study. [Emphasis added.]

Plaintiffs place great emphasis on the fact that the phrase off-street parking facilities is associated with these "public uses" in § 5.15. Off-street parking facilities are included as permitted uses in the middle of a long list of other permitted uses, however. Nothing in the positioning of the phrase suggests that such off-street parking is only to be carried out in connection with one of the other enumerated uses.

Paragraph five of § 5.15 lists a "public swimming pool" as a permitted use of public property. Had Birmingham intended to limit the use of public

property for off-street parking facilities to those associated with public facilities, such as police stations, it could have similarly inserted the word public preceding the phrase off-street parking facilities.

Plaintiffs argue that just because Bottle & Basket will be open to the public does not give the restaurant or the parking the public character which the zoning ordinance contemplates for property zoned public property, citing *People ex rel Detroit & H R Co v Salem Twp,* 20 Mich 452 (1870). That argument presupposes, however, that the word public is to be read into the phrase off-street parking facilities, contrary to our holding.

This Court will not sit in judgment on matters wholly within the reasonable discretion of local zoning boards whose decisions are regarded as final and binding unless caprice, abuse of discretion, or arbitrary action is provable. *Schlitz v Huckabee,* 23 Mich App 36, 38; 178 NW2d 82 (1970); *Szluha, supra,* p 410. The decision of the board, which was upheld by the circuit court, does not evidence caprice,. abuse of discretion, or arbitrary action, and we affirm it.

Plaintiffs also argue that a city may not lease for private purposes property which continues to be devoted to a public use. Plaintiffs, however, did not raise this question in their complaint and it was not considered by the circuit court in deciding the summary disposition motion. While this issue was apparently presented at the administrative level, we question whether it is properly before us on appeal when it was not raised at the circuit court level.

We note, however, that the home rule cities act allows a city to include in its charter a provision for the lease of its property "upon the discontinuance" of "the maintenance, development, [or] oper-

ation of its property." MCL 117.4e(3); MSA
5.2078(3). The Birmingham City Charter includes
such a provision. Nothing in the home rule cities
act suggests that the entire parcel must no longer
be used for a municipal purpose before any portion
can be leased. It appears that a lease may be given
on a portion of municipal property no longer
needed for use in connection with a water tower,
for example, provided that the lease is for a per-
mitted use of the land.

Affirmed.