JAWORSKI *v.* MANUFACTURERS NATIONAL BANK
OF DETROIT.

1. MUNICIPAL CORPORATIONS—BOARD OF ZONING APPEALS—EXTENSION
OF NONCONFORMING USE.

Board of zoning appeals' extension of nonconforming manufac-
turing use to permit construction of building on 2 of defend-
ant's 5 lots recently used for employee parking and which use
had previously been extended from original 2 lots used for
factory to all 5 lots by 4 separate actions, all notwithstanding
personal or written objections of nearby property owners *held,*
within power of the board conferred by statute and ordinance
(CL 1948, § 125.583a; Detroit Ordinance §§ 20.7–20.15).

2. SAME—DISCRETION OF BOARD OF ZONING APPEALS—NONCONFORM-
ING USE.

The grant or refusal of a permit to change a nonconforming use
rests in the discretion of the local board of zoning appeals
and where the discretion has been exercised within the powers
conferred by statute and ordinance and the record contains
ample evidence to support the action taken, the Court of Ap-
peals will not set it aside (CL 1948, § 125.583a; Detroit
Ordinance §§ 20.7–20.15).

Appeal from Wayne; Kaufman (Nathan J.), J.
Submitted Division 1 May 13, 1965, at Detroit.
(Docket No. 276.)   Decided July 19, 1965.   Rehear-
ing denied September 9, 1965.

Complaint by Michael Jaworski, Theresa Jawor-
ski and others against the Manufacturers National
Bank, a national banking association, and the City
of Detroit, a municipal corporation, to enjoin the
erection of a building under the authority of a non-

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Zoning §§ 206, 212.
[2] 58 Am Jur, Zoning § 198.

conforming use permit granted by defendant city's zoning board. Judgment for defendants. Plaintiffs appeal. Affirmed.

*Stanley F. Kaczor,* for plaintiffs.

*Kramer, Morris, Stark, Rowland & Regan (W. Leo Cahalen,* of counsel), for defendant Manufacturers National Bank.

*Robert Reese,* Corporation Counsel, and *John F. Hathaway,* Assistant Corporation Counsel, for defendant City of Detroit.

QUINN, P. J.   This is an appeal from a judgment of Wayne circuit court which sustained a decision of city of Detroit board of zoning appeals granting defendant trustee permission to extend a nonconforming use on lots 43 and 44 of George Heintz's subdivision. Appellants are property owners across the street from the land involved. Presently defendant trustee owns lots 42 through 46 of this subdivision; they are all contiguous. At the time the Detroit zoning ordinance went into effect, December 25, 1940, all of these lots were in a district zoned R 2 (residential), but a building suitable for manufacturing purposes was located on lots 45 and 46. In February, 1953, the board of zoning appeals granted permission to use this building as a sheet metal shop and determined it had been occupied by and devoted to a nonconforming use, *viz:* an ML 6 use. In March, 1953, defendant trustee's predecessor in title obtained title to lots 43 and 44; these were vacant lots on the effective date of the zoning ordinance. March, 1954, the board of zoning appeals granted permission to use lots 43 and 44 for employee parking, a B 2 use. October 5, 1954, the board granted permission to build an open shed on

the vacant part of lots 45 and 46; by similar permission of January 11, 1956, this shed was enclosed. In 1960, defendant trustee's predecessor in title acquired lot 42 to use the building thereon as an office; lot 42 is the westernmost of this series of lots. The adjoining property owners objected to the granting of all of these permits, either by appearing in person before the board, or by filing written objections with it.

March 11, 1963, the board of zoning appeals granted a petition to construct a building on lots 43 and 44. Appellants raised their objection to this action before the board, and March 28, 1963, they filed the action here reviewed.

This is not a case of unauthorized extension of a nonconforming use. (See *City of Hillsdale* v. *Hillsdale Iron & Metal Company, Inc.* [1960], 358 Mich 377.) The extension was authorized. Two questions arise in such a situation, *viz:* has the board of zoning appeals authority to act, and have the requirements of administrative due process been observed? *Brae Burn, Inc.,* v. *Bloomfield Hills* (1957), 350 Mich 425. The answer to the former must be found in the ordinance.

CL 1948, § 125.583a (Stat Ann 1958 Rev § 5.2933 [1]) provides in part:

"The legislative body may in its discretion provide by ordinance for the resumption, restoration, reconstruction, extension or substitution of nonconforming uses or structures, upon such terms and conditions as may be provided in the ordinance."

Section 20.7 of the ordinance provides in part:

"The board shall have power in addition to other proper variations and modifications to grant the following special exceptions after public notice and hearing, provided that after investigation the board ascertains the conditions involved in the proposed

exception conform to the limitations and restrictions specified for each such exception as listed in the following sections, § 20.8 to 20.15."

Section 20.9 of the ordinance provides:

"Permit the extension of any building, structure, or use into a more restricted district immediately adjacent thereto, under such conditions and limitations as will safeguard the character of the more restricted district, provided a reasonable need for such an extension and an absence of injurious effect on the contiguous property is shown to the satisfaction of the board."

It is clear from the foregoing that the legislative bodies of the State and city recognized the problems arising from nonconforming uses and while the over-all aim of zoning is to eliminate them, some exist which may not only continue, but may expand. The decision of the future of nonconforming uses is left to the administrative agency under the terms of the ordinance. After a hearing, the board of zoning appeals permitted the extension of an ML 6 use into a more restricted district, *viz:* a B 2 district. This it had authority to do under the ordinance.

The only question of administrative due process raised on this record is the charge that the action of the board represents a capricious and unreasonable exercise of authority and abuse of discretion. The grant or refusal of a permit to change a nonconforming use is generally held to rest in the discretion of the zoning board, subject to judicial review for abuse of discretion. 87 ALR2d 8, 12. The record before this Court contains ample evidence to support the action of the board of zoning appeals; it discloses no abuse of discretion.

The trial court is affirmed, with costs to appellee.

Fitzgerald and T. G. Kavanagh, JJ., concurred.