INDIAN VILLAGE MANOR COMPANY *v.* CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS—ENCROACHMENTS—SIGNS.
   Permission of municipal common council must be obtained by a private person for erection of a sign that is to be so placed as to encroach on public property.

2. SAME—ZONING—FRONT YARD—SIGNS.
   Placement of a sign within the area involved in front yard prescribed by zoning ordinance constitutes a variance requiring approval of the board of zoning appeals (Detroit Zoning Ordinance, §§ 4.6, 7.2, 9.5).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 37 Am Jur, Municipal Corporations § 312; 58 Am Jur, Zoning § 74.
   Municipal power as to billboards and outdoor advertising.   58 ALR2d 1314.
[3]   58 Am Jur, Zoning §§ 196, 201.
[4]   58 Am Jur, Zoning §§ 74, 196, 201.
[5, 6]  58 Am Jur, Zoning §§ 229, 231.
[7]   58 Am Jur, Zoning §§ 196, 231.
[8]   58 Am Jur, Zoning § 229.
[9]   58 Am Jur, Zoning § 258.
[10]  5 Am Jur 2d, Appeal and Error § 1009.

3. Same—Zoning—Variance—Special Conditions.

Plaintiff's contention that defendant landowner must show not only "special conditions" involving "practical difficulties" but also "unnecessary hardship" before it may be granted a variance from the zoning ordinance of defendant city *held*, not well taken (CLS 1961, § 125.585; Detroit Zoning Ordinance, § 20.7).

4. Same — Zoning Ordinance — Variance — Special Conditions — Practical Difficulties.

Proofs of defendant landowner, who seeks variance from zoning ordinance for permission to erect a large sign at front of lot in RMU zone reserved primarily for multiple residences of unlimited height, that it is a large international union, that it should be clearly identified for the convenience of its many visitors, and that a row of large elms located close to the lot line would obscure the view of any sign placed behind them *held*, to constitute the "special conditions" involving the "practical difficulties" required under the ordinance to grant a variance (Detroit Zoning Ordinance, § 20.7).

5. Appeal and Error—Court Rule—Zoning—Superintending Control.

Plaintiff's contention that court rule relating to writ of superintending control has changed the scope of review of a variance granted by a board of zoning appeals *held*, without merit (GCR 1963, 711.1).

6. Same—Court of Appeals—Administrative Due Process—Abuse of Discretion.

Court of Appeals review of a variance granted by a board of zoning appeals is concerned only with administrative due-process and is limited to the question of whether or not the board has acted arbitrarily or abused its discretion.

7. Municipal Corporations—Board of Zoning Appeals—Variance.

Grant by board of zoning appeals of a variance to permit erection of a large sign by defendant landowner at front of its lot in RMU zone reserved primarily for multiple residences of unlimited height, notwithstanding objections of nearby property owners, *held*, within power of the board conferred by ordinance, where no evidence appears in the record supporting the claim that the board acted arbitrarily or abused its discretion (Detroit Zoning Ordinance, § 20.7).

8. Courts—Zoning—Appeal and Error.

Courts have uniformly refused to "sit as a final zoning board."

9. SAME—REVIEW—ZONING.

A decision of a board of zoning appeals which is supported by competent, material, and substantial evidence on the whole record is final "insofar as it involves discretion or the finding of facts" (Const 1963, art 6, § 28; Detroit Zoning Ordinance, § 20.7).

10. COSTS—ZONING—ORDER OF SUPERINTENDING CONTROL.

No costs are allowed on affirmance of order denying an order of superintending control to enjoin allowance of variance by board of zoning appeals, where a public question was involved (Detroit Zoning Ordinance, § 20.7; GCR 1963, 711.1).

Appeal from Wayne; Brennan (Thomas E.), J. Submitted Division 1 October 6, 1966, at Detroit. (Docket No. 939.) Decided January 24, 1967. Rehearing denied March 14, 1967.

Complaint by Indian Village Manor Company, a Michigan corporation, against the City of Detroit, a municipal corporation, and Oscar L. Mroseske, as Secretary of the Board of Zoning Appeals of Detroit, for an order of superintending control directing the Board of Zoning Appeals of Detroit to withhold issuance of an order granting a variance from zoning ordinances which would permit the construction of a large sign near plaintiff's property. The United Automobile, Aerospace and Agricultural Implement Workers of America, as the real party in interest, was permitted to intervene as a party defendant. Complaint dismissed. Plaintiff appeals. Affirmed.

*Shapero, Shapero & Cohn (Harold M. Shapero,* of counsel), for plaintiff.

*Robert Reese,* Corporation Counsel, and *John F. Hathaway,* Assistant Corporation Counsel, for defendant City of Detroit, and Board of Zoning Appeals.

*Stephen I. Schlossberg, John A. Fillion, Bernard F. Ashe, Jordan Rossen,* and *Michael S. Friedman,* for defendant intervenor.

Holbrook, J.   This case involves the granting by the Detroit board of zoning appeals of a variance from the city zoning ordinance prohibiting the construction of a sign at 7950 E. Jefferson avenue.   The appellee union had been granted prior variances by the Detroit board in 1949 and 1956, permitting the construction of office buildings of various heights, an auditorium, and the joining of the buildings at 8000 E. Jefferson avenue.   The area is an RMU district zone reserved primarily for multiple residences of unlimited height and various other uses such as buildings for public utilities, parking lots and offices for doctors and dentists.   The appellees' buildings are known as the "UAW Solidarity House" and serve as the union's international headquarters.

The UAW international headquarters receive many visitors from all over the world.   For this reason the union felt it was necessary to have a prominent identifying sign clearly visible to Jefferson avenue traffic as a convenience to its visitors who are not familiar with the city of Detroit.   The sign existing on the building itself was thought inadequate due to a dense row of large elm trees located approximately 10 feet back of the lot line and about 20 feet apart, obstructing the view from Jefferson avenue.   Upon the union's petition, the Detroit board of zoning appeals on October 17, 1963, granted a variance from the zoning ordinance, permitting the union to erect a 10'4" x 13' illuminated sign.   This sign was to be placed on appellees' property in front of the row of elms bordering the lot line along Jefferson avenue but would overhang at least a part of the public sidewalk at an overall height

of 27'. When a sign is placed so as to encroach on public property, permission of the Detroit city council must also be obtained.

The appellant argued before the appeals board that the sign was detrimental to its ownership interests in an apartment building several hundred yards along Jefferson avenue from the appellees' sign and within the same RMU district. After the variance was granted, appellant petitioned the circuit court for an order of superintending control, which was denied May 19, 1965, after a full hearing and review of the record made before the Detroit board of zoning appeals.

Appeal is now made to this Court asking for reversal of the circuit court and entry of judgment denying appellees' union's variance application before the board of zoning appeals.

All the parties before both the board of zoning appeals and the circuit court assumed that Section 7.2 of the Detroit zoning ordinance dealing with signs in RM districts applies to the case at hand. This assumption was made, no doubt, because of references made in Section 8 RM4 districts to RM districts and in Section 9 RMU districts to RM4 districts. Regardless of whether Section 7.2 is applicable, in any event Section 9 is applicable and we find in Section 9.5 there is a requirement calling for a front yard of not less than 20 feet in depth. Also there is a general provision concerning yard encroachments found in Section 4.6 of the ordinance that provides "every part of any required yard shall be open and unobstructed by any structure, from the ground to the sky." Section 2.32 defines a "structure" as "any production or piece of work artificially built up or composed of parts joined together in some definite manner; any construction."

The sign complained of here, since it is in the front yard is at least at variance with Sections 9.5

and 4.6 and possibly 7.2 of the ordinance. The only question presented by this appeal is whether the Detroit board of zoning appeals had the authority under the facts to grant such a variance. If so, the circuit court properly denied the order of superintending control. The issue is thus reduced to a proper interpretation of Section 20.7 of the zoning ordinance (permitted by CLS 1961, § 125.585 [Stat Ann 1958 Rev § 5.2935]) which reads as follows:

"Where owing to special conditions a literal enforcement of the provisions of this ordinance will result in unnecessary hardship or involve practical difficulties, the board shall have power upon appeal in specific cases to authorize such variation or modification of the terms of this ordinance as will not be contrary to the public interest and so that the spirit of this ordinance shall be observed, public safety secured and substantial justice done."

The appellant urges that there was no evidence offered to support the board's decision. There was evidence received showing, and appellant does not deny, that appellee is a large international union, that it should be clearly identified for the convenience of its many visitors, and that the row of large elms located close to the lot line would obstruct the view of any sign placed behind them. These facts are clearly established on the record and we agree that these constitute the "special conditions" involving the "practical difficulties" required under the ordinance to grant a variance. We hold that where, as in this case, the appellees did not request a change in the use of the property, there was no need to show, as claimed by appellant, unnecessary hardship in addition to practical difficulties. Although there is no Michigan Supreme Court case directly on point, we find authority for this principle of law in the State of New York, which has a statute identical to

ours, and we cite with approval the case of *In the Matter of Village of Bronxville* v. *Francis,* 1 App Div 2d 236 (150 NYS2d 906), modifying 206 Misc 339 (134 NYS2d 59), and affirmed 1 NY2d 839 (153 NYS2d 220). There was ample evidence before the board to support its finding that the proposed sign would in no way injure or detract from the value and the character of the environs so that there can be no valid claim that this sign is contrary to the public interest.

Appellant has raised questions concerning what the union promised at prior variance hearings, whether the union should have known of and been bound by the existing zoning restrictions and whether the board should have anticipated the necessity for further variance. Once it is established that the requirements for granting of a variance under the ordinance have been met, these questions are irrelevant. The board, in a valid exercise of its discretion under the provisions of the ordinance, did in fact grant the variance. This Court is not persuaded as claimed by appellant that rule 711.1 of the 1963 General Court Rules has changed the scope of review of a variance granted by a board of zoning appeals. Our concern in this regard is with administrative due process; the review on appeal is limited to the question of whether or not the board has acted arbitrarily or abused its discretion. *Jaworski* v. *Manufacturers National Bank of Detroit* (1965), 1 Mich App 312. See, also, *Tireman-Joy-Chicago Improvement Association* v. *Chernick* (1960), 361 Mich 211, 219. No evidence appears in the record supporting the claim that the board acted arbitrarily or abused its discretion.

The courts have uniformly refused to "sit as a final zoning board." *McClain* v. *City of Hazel Park* (1959), 357 Mich 459, 460. Once it is established, as

it is here, that the board's decision is "supported by competent, material and substantial evidence on the whole record," Const 1963, art 6, § 28, a reviewing court will look no further; the board's decision is final "insofar as it involves discretion or the finding of facts." Detroit zoning ordinance, as amended to 1963, § 20.7. Also, see *Tireman-Joy-Chicago Improvement Association* v. *Chernick supra,* and *Williams* v. *Lakeland Convalescent Center, Inc.* (1966), 4 Mich App 477, 482.

Denial by the circuit court of appellant's request for an order of superintending control is affirmed. No costs are awarded since a public question is involved.

Lesinski, C. J., and J. H. Gillis, J., concurred.