HERITAGE HILL ASSOCIATION, INC v CITY OF GRAND RAPIDS

1. ZONING—VARIANCE—NONUSE VARIANCES—PARKING.

Two customary types of variances in zoning law are use variances, which permit uses of land a zoning ordinance otherwise proscribes, and nonuse variances, which are concerned with changes in a structure's area, height, setback, and the like; a request made by a church to a board of zoning appeals for permission to demolish buildings for the purpose of constructing an addition to the church building and expanding its parking facilities seeks a nonuse variance where the district was zoned to include the church and construction of off-street nonresidential parking.

2. ZONING—NONUSE VARIANCE—EVIDENCE.

To justify the grant of a nonuse variance in zoning law there need only be a showing of practical difficulty, and a showing of unnecessary hardship is not needed.

3. ZONING—APPEAL AND ERROR—CONSTITUTIONAL LAW.

Appellate courts do not sit as final zoning boards, and in zoning cases review by the Court of Appeals is constitutionally limited to ascertaining whether there is competent, material, and substantial evidence on the whole record to support a zoning appeal board's decision (Const 1963, art 6, § 28).

4. ZONING—NONUSE VARIANCE—PRACTICAL DIFFICULTY—EVIDENCE.

A church seeking a nonuse variance to demolish buildings for the purpose of expanding the church building and for off-street nonresidential parking presented ample competent, material, and substantial evidence to show that a denial of the variance would impose a practical difficulty upon the use of the land where an architect for the church testified that the proposed variance would relieve acute parking and seating problems at the church and that to expand the church in any other direction would be an architectural blunder, and where there was testimony indicating unsuccessful attempts by owners of the

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4] 58 Am Jur, Zoning § 93.
[3] 58 Am Jur, Zoning § 217.

other buildings to dispose otherwise of the property at a reasonable and fair market price.

Appeal from Kent, John H. Vander Wal, J. Submitted Division 3 April 5, 1973, at Grand Rapids. (Docket No. 14022.) Decided August 27, 1973.

Complaint by the Heritage Hill Association, Inc., and Edward J. De Vries against the City of Grand Rapids and others for injunctive relief from a decision of the Board of Zoning Appeals. Complaint dismissed. Plaintiff Heritage Hill Association, Inc., appeals. Affirmed.

*John H. Logie,* for plaintiff-appellant.

*George A. Weible* and *Jon F. De Witt,* for defendants.

Before: HOLBROOK, P. J., and T. M. BURNS and CHURCHILL,* JJ.

T. M. BURNS, J. In formulating plans to construct an addition on its church building and to expand its parking facilities, the defendant First Netherlands Reformed Congregation acquired options to purchase two parcels of land adjacent to the church. Subsequently, on behalf of the land owners, the church petitioned the Grand Rapids Board of Zoning Appeals for a variance which would permit demolition of the buildings located on the land, namely: a four-unit apartment house and a private residence.

The land in question is covered by the Grand Rapids Zoning Ordinance which, although it places various restrictions on land use, does not prevent

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the demolition of a building after a land owner obtains a permit to do so. Moreover the land is also situated in what is known as the Heritage Hill section of Grand Rapids. In order to preserve the historical and architectural integrity of the area, the city's building code was amended to read that:

"[T]he building official shall not accept any application for a building permit * * * to do any of the following for which a building permit is required: (a) Demolish or remove any structure * * * ." City of Grand Rapids Code, Title 8, ch 131, § 8.4(114.11).

Both the zoning ordinance and the building code provide for relief where there is a showing that the application of their respective provisions would result in practical difficulties or unnecessary hardships.

The zoning appeals board held hearings on the defendants' request in January, February, and March of 1972. Evidence and testimony was presented by persons who favored razing the structures and by others who opposed the project. At the conclusion of the hearings, the board granted the application to demolish the buildings.

The plaintiff then sought and obtained a temporary restraining order from the Kent County Circuit Court which enjoined any demolition or alteration of the buildings. In addition, defendants were ordered to show cause why a preliminary injunction to the same effect should not issue. A hearing on the merits was held March 17, 1972. After considering the arguments of both parties and examining the evidence before the zoning appeals board, the circuit court denied plaintiff's request for a preliminary injunction and quashed the temporary restraining order on the grounds that the

variance sought by the defendants was not a use variance, that the standard of practical difficulties controlled, and that the decision of the zoning appeals board was based upon substantial evidence and was not arbitrary or capricious.

On appeal plaintiff argues contrary to the circuit court's decision that the defendants were in fact seeking a use variance in that the building code prohibited demolition of buildings and thus the standard for determining its appropriateness is whether unnecessary hardship would result from a denial of the variance. Plaintiff also contends that in any event the zoning appeal board's decision was not supported by sufficient, competent, and material evidence.

We note at the outset that the amendment to the building code is not in the nature of a zoning ordinance which regulates land uses in a particular district. The amended building code in the case at bar did not alter the provisions of the Grand Rapids Zoning Ordinance but rather only placed a moratorium on the issuance of building permits in a particular district of the city for a reasonably limited time.

Two customary types of variances are use variances and nonuse variances. A use variance, as its name implies, permits uses of land a zoning ordinance otherwise proscribes, while nonuse variances are concerned with changes in a structure's area, height, setback, and the like. 2 Rathkopf, The Law of Zoning and Planning, (3d ed), ch 45, § 1, p 45-1.

In the case at bar, defendants planned to build an addition on the church and enlarge the size of its parking lot. An examination of the zoning ordinance reveals that the district was zoned to include the church and construction of offstreet

nonresidential parking and as correctly noted by the circuit court in its opinion:

"[T]his is not a petition for a change in the use of the property. They [defendants] are not asking that it be changed from residential or a duplex situation to a permit so that they would build a ten-storey apartment house or condiminium [sic]. They are not asking for that at all. The use they are asking for is included in the provisions of the zoning ordinance for that particular district."

Applying the definitions set forth in the preceding paragraph to the facts of the case at hand, it is readily apparent that the defendants were seeking a nonuse variance as opposed to a use variance. We hold, therefore, that the circuit court did not err by classifying the variance in question as a nonuse variance.

To justify the grant of a nonuse variance there need only be a showing of practical difficulty. It is not necessary, as claimed by the plaintiff, to show unnecessary hardship. *Indian Village Manor Co v Detroit,* 5 Mich App 679; 147 NW2d 731 (1967). Moreover since it is well settled that appellate courts do not sit as a final zoning board and inasmuch as our review is constitutionally limited to ascertaining whether there was competent, material, and substantial evidence on the whole record to support the zoning appeal board's decision (Const 1963, art 6, § 28), our question narrows to whether there was the requisite evidence to justify a finding that a denial of the variance would impose a practical difficulty upon the use of the land.

The evidence and discussion before the Grand Rapids Board of Zoning Appeals may be capsulized as follows: In January of 1972 an architect for the church testified before the board that the proposed

variance would relieve acute parking and seating problems at the church and that to expand the church in any other direction would be an architectural blunder. A representative from the Heritage Hill Association explained that the city had placed a moratorium on the demolition of all structures in the area and as soon as the Historic Commission Study Committee meets and presents results of its study to the City Commission, a Preservation Committee would deal with requests relating to the razing of buildings in the Heritage Hill area. After further testimony and discussion, the board tabled the defendants' variance request for further study. On February 3, 1972, the board once again took testimony, heard arguments, and discussed the proposed variance. The Heritage Hill Association continued to oppose the variance because it felt the variance was not in the best interests of the district and because there had been no showing of hardship to the property. The architect for the church repeated the problems of parking and seating at the church and stated that the parking problem had caused great aggravation in the neighborhood. There was also discussion concerning the architectural rating of the private dwelling. The architect for the church opined that since the house had been altered, its demolition would not be a great historical loss to the district. A member of the board expressed concern that no hardship had been shown to the property in which the private residence was located and was consequently hesitant about approving the demolition. A representative for the owner of the apartment building stated that a delay in granting the variance was working a hardship on the owner. One apartment was vacant and next to impossible to rent. Another apartment was to be vacated in the near future. The other tenants were justifiably

concerned over the fate of the building. Again, however, the board tabled the matter for additional study. A final meeting on the defendants' proposed variance was held in March, 1972. The architect for the church reiterated the need for the church to expand and the architectural soundness of the proposed plans. Testimony also indicated that the apartment building had been appraised at $22,000, newspaper advertisements were utilized in an attempt to sell the building, but the best offer received was for only $15,000. Likewise the owner of the private residence had attempted to sell the dwelling on two or three occasions during the past several years but had been unable to obtain a satisfactory price. The property is assessed at $9,500. The church has offered to purchase it for $26,000.

It is patent from the foregoing that the zoning appeal board did not act hastily, arbitrarily, or capriciously in granting the variance. Full and fair hearings on the matter were held and both sides were given opportunities to state their arguments and present proofs. Furthermore, after carefully and thoroughly reviewing the minutes of the board, particularly in view of the owners' various unsuccessful attempts to otherwise dispose of the property at a reasonable and fair market price, it is our opinion that there was ample evidence before the board to show that a denial of the variance would impose a practical difficulty upon the use of the land. Accordingly, the decisions of the Grand Rapids Board of Zoning Appeals and the Kent County Circuit Court are affirmed. The other issues raised by the parties are without merit.

Affirmed.

All concurred.