NATIONAL BOATLAND, INC v FARMINGTON HILLS ZONING
BOARD OF APPEALS

Docket No. 78696. Submitted May 22, 1985, at Detroit.—Decided
October 9, 1985.

Plaintiff, National Boatland, Inc., sought a variance from certain
zoning ordinance requirements from defendant, Farmington
Hills Zoning Board of Appeals. Plaintiff had previously been
ordered to construct a four-foot wall along two sides of its
property and to plant trees along the wall. The purpose of the
wall was to obscure plaintiff's outdoor boat storage area. The
outdoor storage of boats was a nonconforming use which had
been allowed to continue. The requested variance would allow
plaintiff not to construct the wall or plant the trees. The zoning
board of appeals denied the variance, and plaintiff brought an
action for superintending control in Oakland Circuit Court.
That court, Fred M. Mester, J., affirmed the decision of the
board. Plaintiff appealed, challenging the reasonableness of the
exercise of discretion of the zoning board of appeals. *Held:*

1. The requested variance was of the nonuse type, requiring
plaintiff to show only practical difficulties, rather than unneces-
sary hardship, in complying with the zoning ordinance.

2. Plaintiff's claims that members of the board did not
consider various factors presented as plaintiff's reasons why it
would suffer practical difficulties if not granted a variance are
without merit.

3. The four factors identified by plaintiff did not constitute
practical difficulties such that a variance should have been

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Zoning and Planning §§ 322 *et seq.*
Standing of zoning board of appeals or a similar body to appeal
reversal of its decision. 13 ALR4th 1130.

[2] Am Jur 2d, Zoning and Planning §§ 178-236.
Construction of new building or structure on premises devoted to
nonconforming use as violation of zoning ordinance. 10 ALR4th
1122.

[3-4, 5] Am Jur 2d, Zoning and Planning §§ 266-280.
Construction of new building or structure on premises devoted to
nonconforming use as violation of zoning ordinance. 10 ALR4th
1122.

granted, when weighed against the policy reasons for promoting compliance with the zoning ordinance. The board of appeals reasonably exercised its discretion in denying the variance.

Affirmed.

1. ZONING — APPEAL.

Review of a zoning board of appeals decision by a circuit court may be had to insure that the decision complies with the constitution and laws of the state, is based on proper procedure, is supported by competent, material, and substantial evidence on the record, and represents the reasonable exercise of discretion (MCL 125.293a; MSA 5.2963[23a]).

2. ZONING — NONCONFORMING USE.

One of the goals of zoning is the eventual elimination of nonconforming uses so that the ends sought by a zoning ordinance may be achieved; although a nonconforming use is allowed to continue to avoid hardship to the owner, the avoidance of hardship does not allow erection of new nonconforming buildings or additions to existing nonconforming buildings, and when a change in a nonconforming use is contemplated the authorities may take advantage of that fact to compel a lessening or complete suppression of the nonconformity.

3. ZONING — VARIANCES.

Self-created problems are not a proper basis for granting a zoning variance to the owner of property.

4. ZONING — VARIANCES — NONUSE VARIANCES.

Zoning law recognizes two types of variances: use variances which permit a use of the land which the zoning ordinance otherwise proscribes, and nonuse variances which are concerned with changes in a structure's area, height, setback, and the like; to justify the grant of nonuse variance the owner need only show a practical difficulty, rather than an unnecessary hardship, in following the ordinance.

5. ZONING — VARIANCES — NONUSE VARIANCES.

Factors which may be considered when determing whether a landowner will suffer a practical difficulty from enforcement of a zoning ordinance include whether compliance with the strict letter of the restrictions governing area, setbacks, height, and the like would unreasonably prevent the owner from using the property for a permitted purpose or would render conformity unnecessarily burdensome, whether a grant of a variance would do substantial justice to the applicant as well as to other property owners, and whether relief can be granted in such

fashion that the spirit of the ordinance will be observed and public safety and welfare secured.

*Lawson & Lawson* (by *David M. Lawson*), for plaintiff.

*Brennan, Bibeau & Poehlman, P.C.* (by *Paul H. Bibeau*), for defendant

Before: V. J. BRENNAN, P.J., and D. E. HOL-BROOK, JR., and C. W. SIMON, JR.,* JJ.

PER CURIAM. National Boatland, Inc. (hereinaf-ter Boatland) petitioned the Farmington Hills Zon-ing Board of Appeals (hereinafter Board) for a variance from certain ordinance requirements. The Board denied Boatland's petition. Boatland filed a timely complaint for an order of superin-tending control in the Oakland County Circuit Court on June 3, 1980. Enforcement of the ordi-nance as to Boatland was stayed pending the circuit court's decision. On May 20, 1983, Judge Fred M. Mester filed an opinion and order affirm-ing the Board's decision. Judge Mester reconsid-ered the case on Boatland's motion on May 30, 1984, and again affirmed the Board's decision, adopting his earlier opinion and order. Boatland appeals as of right. A new stay order was entered for the pendency of the appeal.

Boatland is engaged in the retail sale and ser-vice of recreational boats, motors, trailers, and accessories. The business is located on Grand River Avenue in the City of Farmington Hills (hereinaf-ter City) on land zoned B-3. B-3 defines the general business district of the City.

Boatland's facilities include a showroom, a re-pair facility, indoor storage facilities, and an out-

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

door storage lot. The buildings fail to meet certain zoning ordinance requirements as to setback and as to obscuring walls and trees, but have been allowed to remain unchanged as nonconforming. Apparently, outdoor storage of boats has also been allowed to continue as a nonconforming use.

In 1979, Boatland added a large indoor storage facility on its property. At such time, the City required the new building to comply with the zoning ordinance's requirements. On February 23, 1979, the City issued a "punch list" of outstanding items to be completed to obtain compliance with the building code and zoning ordinance. To fulfill the zoning ordinance requirements, a four-foot obscuring wall had to be built along Boatland's two boundaries adjoining residential property, with 15 deciduous trees planted inside the wall. The cost of complying with these requirements was approximately $28,000.

On March 7, 1980, Boatland applied for a non-use variance[1] from the requirement of the zoning ordinance that an obscuring wall be built and deciduous trees be planted. Boatland made its presentation at the May 6, 1980, meeting of the Board.

Boatland requested a variance from the required planting of trees because the sap, leaves, and debris from the trees would damage the boats stored outside. Boatland requested a variance from the four-foot wall requirement on two bases. First, the wall would fail in its purpose in that the boats stored were all greater than four feet in height and would remain visible to the neighbors. Further, Boatland's lot was not used for parking so the wall was not necessary to shield headlights of cars. Second, the wall would apparently obscure

[1] Frequently referred to as an area variance.

neighbors' views of the property, which had proven beneficial in the past in spotting fires and vandals.

Boatland's property had common boundaries with two residential owners. Both objected to the erection of the four-foot walls. June Gilbert stated that she did not want to look at a brick wall. Further, she felt that a wall would restrict her ability to see thieves, both on Boatland's property and on her own. Gilbert objected to the planting of trees because she felt the land was not stable enough to support them. She feared that ice storms could cause the trees to topple into her yard. Ira Weber objected to the wall because he felt it would act a a steppingstone to get onto his property.

The issue for our consideration is whether the City of Farmington Hills Zoning Board of Appeals acted reasonably in denying Boatland's request for a variance.

Review of a zoning board of appeals' decision is governed by statute. The circuit court is to review the record and the board of appeals' decision to ensure that the decision:

"(a) Complies with the constitution and laws of the state.

"(b) Is based upon proper procedure.

"(c) Is supported by competent, material, and substantial evidence on the record.

"(d) Represents the reasonable exercise of discretion granted by law to the board of appeals." MCL 125.293a; MSA 5.2963(23a).

See *Johnson v Robinson Twp,* 420 Mich 115, 124; 359 NW2d 526 (1984):

On appeal, Boatland does not question the validity of the provisions of the ordinance from which it

sought a variance. Rather, Boatland restricts its challenge to the reasonableness of the Board's exercise of its discretion.

As a beginning point in analyzing the propriety of the Board's exercise of its discretion, it must be recognized that elements of Boatland's use of the property constitute nonconforming use. Nonconforming use can mean several related things:

> " 'A "nonconforming use" comprehends the physical characteristics, dimensions, or location of a structure as well as the functional use thereof or of the premises on which it is located, and is used as a generic term that includes nonconforming use of conforming structures and plots, nonconforming use of nonconforming structures and plots, and conforming use of nonconforming structures and plots.' (Footnotes omitted.)" *Long Island Court Homeowners Ass'n v Methner,* 74 Mich App 383, 387; 254 NW2d 57 (1977), *lv den* 401 Mich 816 (1977), quoting 82 Am Jur 2d, Zoning & Planning, § 178, p 685.

In the present case, the plot is nonconforming because a four-foot wall was not built and trees were not planted, as required by the zoning ordinance. The older buildings are also nonconforming because they lie within a setback area. Finally, the outdoor storage of boats is apparently a nonconforming use of the property.

One of the goals of zoning is the eventual elimination of nonconforming uses so that the ends sought by the ordinance can be achieved. *Norton Shores v Carr,* 81 Mich App 715, 720; 265 NW2d 802 (1978), *lv den* 403 Mich 812 (1978). Thus, the City may:

> "provide by ordinance for the resumption, restoration, reconstruction, extension, or substitution of nonconforming uses or structures upon terms and conditions provided in the ordinance." MCL 125.583a(2); MSA 5.2933(1)(2).

The City's ordinance, specifically § 1902, paragraph 10, provides that a nonconforming use shall not be expanded except to change it to a conforming use. Although a nonconforming use is allowed to continue in order to avoid hardship for the owner of the property, such does not allow erection of new nonconforming buildings or additions to existing nonconforming buildings. *South Central Improvement Ass'n v St Clair Shores,* 348 Mich 153, 158; 82 NW2d 453 (1957); *Cole v Battle Creek,* 298 Mich 98, 104; 298 NW 466 (1941). When a change in the nonconforming use is contemplated, the authorities may take advantage of that fact to compel a lessening or complete suppression of the nonconformity. *Austin v Older,* 283 Mich 667, 675; 278 NW 727 (1938).

In the present case, Boatland erected a new building on its property. By doing so, it extended its use in such a way that the City could require the new building to comply with all of the zoning ordinance's requirements. Included within such requirements were that a four-foot wall be erected and deciduous trees planted alongside the wall. Thus, policy was strongly against the granting of a variance from the fence and wall requirements, notwithstanding that such requirements would conflict with Boatland's nonconforming use composed of outdoor storage. Any practical difficulties resulting to Boatland in this regard were brought on by its own action of expanding its facilities. Self-created problems are not a proper basis for granting a variance. *Robinson Twp, supra,* p 126. Therefore, the Board properly gave little weight to Boatland's argument that the planting of the trees would restrict its outdoor storage of boats.

Even though some of Boatland's problems may have resulted from its own actions, a variance may still be proper because the requirements for a

variance were otherwise met. *Indian Village Manor Co v Detroit,* 5 Mich App 679, 685; 147 NW2d 731 (1967). Variances fall within one of two categories: use variances or non-use variances. Use variances permit a use of the land which the zoning ordinance otherwise proscribes. Non-use variances are not concerned with the use of the land but, rather, with changes in a structure's area, height, setback, and the like. *Heritage Hill Ass'n, Inc v Grand Rapids,* 48 Mich App 765, 768; 211 NW2d 77 (1973). Non-use variances also include "the right to enlarge nonconforming uses or alter nonconforming structures". 3 Rathkopf, The Law of Zoning and Planning, (4th ed, 1979) p 38-1.

Boatland's requested variances would not change the use of the land from its permitted business use. Thus, the requested variances were of the non-use variety. As opposed to use variances, Boatland did not have to show unnecessary hardship in following the ordinance but, rather, needed only to show practical difficulties in following such ordinance. *Heritage Hill, supra,* p 769; *Indian Village Manor, supra,* p 684. See also MCL 125.293; MSA 5.2963(23).

This state has not established criteria for determining when a landowner will suffer a practical difficulty from enforcement of a zoning ordinance. Some cases have suggested that, at the very least, the landowner must show that the problem is unique to his land, not shared by all others. *Tireman-Joy-Chicago Improvement Ass'n v Chernick,* 361 Mich 211, 216; 105 NW2d 57 (1960); *George v Harrison Twp,* 44 Mich App 357, 363; 205 NW2d 254 (1973), *lv den* 389 Mich 787 (1973). However, in cases where this Court found a zoning board of appeals to have abused its discretion in denying a variance, it does not appear this principle was

rigidly followed. See *Indian Village Manor, supra,* and *Heritage Hill Ass'n, supra.*

Other jurisdictions have set forth factors to be considered in determining whether a landowner has a practical difficulty warranting a variance from the ordinance. The factors which have been summarized in 2 Rathkopf, The Law of Zoning and Planning (3d ed, 1972), pp 45-28 to 45-29, and adopted by other jurisdictions are:

> "1) Whether compliance with the strict letter of the restrictions governing area, set backs, frontage, height, bulk or density would unreasonably prevent the owner from using the property for a permitted purpose or would render conformity with such restrictions unnecessarily burdensome.
>
> "2) Whether a grant of the variance applied for would do substantial justice to the applicant as well as to other property owners in the district, or whether a lesser relaxation than that applied for would give substantial relief to the owner of the property involved and be more consistent with justice to other property owners.
>
> "3) Whether relief can be granted in such fashion that the spirit of the ordinance will be observed and public safety and welfare secured."

See also 3 Rathkopf, The Law of Zoning and Planning (4th ed, 1979), p 38-49, which refers to the third edition and cites the case of *McLean v Soley,* 270 Md App 208; 310 A2d 783 (1973), which incorporated the three factors cited by Rathkopf. See also *Board of Adjustment of New Castle County v Kwik-Check Realty, Inc.,* 389 A2d 1289, 1291 (Del, 1978), and *Carliner v District of Columbia Board of Zoning Adjustment,* 412 A2d 52, 53 (DC App, 1980). See also 3 Anderson, American Law of Zoning (2d ed, 1977), § 18.47, p 270.

Rhode Island uses a slightly different approach. It allows a variance from non-use restrictions

when literal enforcement would have an effect so adverse as to preclude full enjoyment of the intended use. Thus, a showing of mere inconvenience is insufficient to justify a grant of relief. *Westminster Corp v Zoning Board of Review of the City of Providence,* 103 RI 381, 387-388; 283 A2d 353, 357 (1968); *Apostolou v Genovesi,* 120 RI 501; 388 A2d 821 (1978).

In the present case, Boatland presents four reasons on appeal why it will suffer practical difficulties if it is not granted a variance from the wall and tree requirements of the City's zoning ordinances: (1) the four-foot wall would fail to hide boats stored on Boatland's lots because all the boats in their skids are over four feet in height; (2) the four-foot wall would act as a steppingstone over Boatland's ten-foot chain link fence, allowing thieves and vandals easier entrance and exit from its property; (3) the four-foot wall and trees would prevent neighbors from continuing the practice of watching Boatland's property and reporting thieves and fires; and (4) leaves and sap from the trees would fall on and harm the boats stored outside.

Boatland argues that comments from the members of the Board show that it did not properly consider these factors. There appears to be no merit to any of such claims. First, Boatland objects to a statement by Board member Deacon that Boatland failed to demonstrate any hardship regarding the wall. Although the transcript uses such word, the tape of the meeting reveals that Deacon did not use that terminology. In any event, the courts have frequently used the word "hardship" to refer to a practical difficulty asserted by a landowner.

Next, Boatland objects to Board member Roberts's question as to whether outdoor storage of

goods was permitted in a B-3 district. Boatland asserts that this shows an improper intent of the Board to use the denial of the variance to extinguish Boatland's nonconforming use of outdoor storage. As discussed, this was a proper consideration since Boatland was seeking to extend its nonconforming use of the property.

Finally, Boatland objects to suggestions by Board member Roberts that a wall greater than four feet tall be built and by Board member Fox that an appropriate tree which would not drop residue be selected. We agree with appellee that these statements show no more than an effort by the board members to help Boatland minimize any problems.

Therefore, the question remains whether the four problems identified by Boatland constituted a practical difficulty such that the Board should have granted a variance. Although the immediate neighbors indicated that they did not want the wall built, it appears the Board properly considered the needs of the community as a whole. In such context, the wall and trees serve to upgrade the appearance of the property. Although portions of the boats could still be seen above the four-foot wall, it appears the wall would serve its function of making the transformation from the residential property to the business property more attractive. At the very least, the wall would serve to obscure clutter on the ground and the unattractive skids from view. Further, granting the variance would have been detrimental to the community by establishing a precedent which could defeat the purpose of the ordinance. Thus, the second Rathkopf factor would weigh against granting the variance.

The Board also recognized that trees could be selected which would minimize the problem from

droppings. Further, the Board recognized that the boats could be stored in such a way that droppings would not fall directly on them. It appears that it was not unreasonable for the Board to expect Boatland to clear what droppings would fall on the boats to prevent the anticipated damage. As to practical difficulties involving the four-foot wall, the Board recognized that the ten-foot chain link fence had not kept out thieves and vandals in the past. Therefore, it properly gave little weight to Boatland's fears that the wall would serve as a steppingstone onto its property. As to the neighbors' watching of Boatland's property, this appears to be a bonus which Boatland has no right to expect to continue in any event. Certainly, it did not create a difficulty different from that of any other business required to construct a wall. Therefore, we conclude that the first Rathkopf factor also weighs against granting the variance. The Board reasonably exercised its discretion in denying Boatland's application for a variance from the wall and tree requirements of the zoning ordinance.

Affirmed.