# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 10, 2008

136235

PEOPLE OF THE CITY OF ROSEVILLE,
          Plaintiff-Appellant,

v

EDWARD STROSS,
          Defendant-Appellee.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 136235
COA: 271764
Macomb CC: 2005-000694-AR
39th District Court: 04-242199

On order of the Court, the application for leave to appeal the February 21, 2008 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals. Defendant received a variance to paint an oversized sign from the local Zoning Board of Appeals, under specified conditions, on July 15, 1997. In 2005, a jury convicted defendant under a local ordinance for violating these conditions. The Court of Appeals concluded that the condition prohibiting "lettering" was "an unconstitutional regulation of speech, infringing on defendant's First Amendment protections," and reversed the conviction.

The Court of Appeals erroneously reached this conclusion, in our judgment. At the time defendant's variance was granted, then-current MCL 125.585(11) required a party to challenge the constitutionality of the variance within 21 days. Defendant's painting the word "LOVE" on the sign clearly violated the "lettering" condition of the variance. Because this statute prescribed the relevant procedure for challenging the constitutionality of the conditions, defendant was obligated to challenge these conditions in accordance with this procedure. His failure to do so precludes him from raising his constitutional challenge eight years later. See *Finlayson v West Bloomfield Township*, 320 Mich 350, 357-358 (1948) (requiring a claim to be filed within the time period specified by statute); *City of Troy v Aslanian*, 170 Mich App 523, 530 (1988) ("A party who has accepted and retained the advantages of a variance granted on condition is estopped to attack the propriety of the condition."). Because the Court of Appeals did not

address the remainder of defendant's issues on appeal, we REMAND to the Court of Appeals to consider defendant's remaining arguments.

CAVANAGH AND KELLY, JJ., would deny leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 10, 2008

_____
Clerk

p0903